K. R. ARMSTRONG and wife, Alice Arm-
strong, Individually and as Next Friend,
etc., Appellants,

v.

WEST TEXAS RIG COMPANY, Appellee.

No. 5397.

Court of Civil Appeals of Texas.

El Paso.

July 20, 1960.

Rehearing Denied Oct. 5, 1960.

John J. Watts, Odessa, for appellants.

Turpin, Kerr, Smith & Dyer, Wm. Monroe Kerr, Midland, Ken G. Spencer, Crane, for appellee.

LANGDON, Chief Justice.

This is a suit brought under the Wrongful Death Statute, Vernon's Ann.Civ.St. art. 4671, growing out of a rear-end collision in which Fred L. Porter the husband of Mrs. K. R. Armstrong, lost his life. Mr. Porter ran into the rear end of appellee's tractor-trailer float while both were proceeding north toward Odessa, on the Crane highway. The jury found damages in the sum of $150,000, but also found the accident to have been caused by several acts of negligence on the part of Fred L. Porter, the deceased, and on the part of appellee's driver, Loren Johnston. The trial court overruled appellants' motion for judgment, and, based upon the jury verdict, entered judgment for appellee.

Appellants have perfected their appeal to the extent that this court now has jurisdiction. However, no statement of facts has been filed in this cause in this court, and no effort was made by appellants to file a statement of facts in this court until after the expiration of more than seventy-five days from the date appellants' motion for a new trial was overruled.

█ The transcript filed herein reflects that appellants' motion for new trial was overruled May 23, 1959. The sixty-day period from the rendition of final judgment, or order overruling motion for new trial, expired July 22, 1959. No motion was filed before, at, or within a reasonable time, not exceeding fifteen days after the expiration of such sixty-day period, for the purpose of showing "good cause to have existed within such sixty-day period" for appellants' failure to file such statement of facts; a subsequent tender comes too late. The court of civil appeals, under the circumstances of this case, is without

authority to accept such statement of facts or to direct the clerk of such court to file same. Rule 386, Texas Rules of Civil Procedure.

The only motion filed by appellants relating to the statement of facts is a motion filed in this court on August 15, 1959 (84 days after appellants' motion for new trial was overruled), in which this court was requested by all the parties—appellants and appellee—through their respective attorneys of record, to back-date the filing of the statement of facts (the transcript having theretofore been filed within the time allowed by the Rules), and to proceed as though the statement of facts had been filed in time.

█ The matter of timely filing is made a jurisdictional matter by Texas Rules of Civil Procedure. Where jurisdiction or authority to act in a particular case does not exist, it may not be conferred on the court by stipulation or agreement of the parties, nor is it a matter which is subject to waiver by the parties. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683 (Sup. Ct.); Root v. Hester, Tex.Civ.App., 309 S.W.2d 480 (err. ref.); Crawford v. Crawford, Tex.Civ.App., 256 S.W.2d 875; Dyche v. Simmons, Tex.Civ.App., 264 S.W. 2d 208 (ref. n. r. e.).

█ Appellants' appeal is predicated upon four main points and three alternative points, as follows: (1), the error of the trial court in failing to grant appellants' motion for judgment; (2), the error of the trial court in submitting to the jury Special Issues Nos. 25 through 41, for the reason that the speed at which the said Fred L. Porter, deceased, was operating his vehicle could not, as a matter of law, be the proximate cause of his death; (3), in the alternative, and only in the event that this court does not sustain appellants' Point No. 1, it is contended that the trial court erred in failing to declare a mistrial because of the existence of a conflict in the jury answers to Special Issues 19 and 20; (4), the

refusal of the trial court to submit plaintiff's special requested instruction to the effect that a legal presumption existed that the deceased exercised ordinary care for his own safety on the occasion in question, and that said presumption must be rebutted by legal and competent evidence by a preponderance thereof. Appellants' remaining Point No. 5, and alternative Points Nos. 6 and 7 are very clearly assignments of error based upon evidentiary matters, the determination of which would require an examination of the statement of facts. Since, in our opinion, we are precluded from considering the statement of facts, appellants' Points Nos. 5, 6 and 7 are accordingly overruled.

Appellants' Points Nos. 1 and 2 relate to the same subject matter, and have been grouped for purposes of argument. They will be considered together and discussed by us in the same manner.

Appellants contend that, regardless of whether or not this court considers the statement of facts, enough of the record is contained in appellants' motion for judgment and in appellants' special exceptions to the court's charge (both of which are included in the transcript filed herein), for this court to sustain appellants' Points Nos. 1 and 2. Appellants' contention is based upon the assertion that, since a portion of the testimony of appellee's driver, Loren Johnston, was set forth in appellants' motion for judgment, was heard by the trial court and was not controverted by appellee in its own motion for judgment, or otherwise, such testimony is therefore controlling upon this court, even in the absence of a statement of facts, and constitutes all the record necessary for this court to sustain appellants' first two points.

■ We are of the opinion that appellants' argument must be rejected. In passing upon appellants' motion for judgment, the trial court was not confined to a consideration of only that portion of the testimony set forth in the motion. The court having heard all of the testimony, it was the duty of the court, after viewing all of the testimony in a light most favorable to the verdict, to overrule appellants' motion for judgment, if there was evidence of probative value to support the verdict. Cannady v. Dallas Ry. & Terminal Co., Tex. Civ.App., 219 S.W.2d 816.

■ While we recognize the well-established principle of law that a verdict contrary to the testimony of an interested witness, which is direct and positive on a point at issue, must be set aside when there are no circumstances in the record tending to explain, to impeach, or discredit his testimony, we are unable, in the absence of a statement of facts, to say that the record does not disclose circumstances or other evidence which would explain, or otherwise render harmless, a statement by an interested witness which, if standing alone, would require that a jury verdict contrary thereto be set aside.

■ In acting upon a motion for instructed verdict or a motion for judgment non obstante veredicto, all testimony must be considered in light most favorable to party against whom such motion is sought, and conflicts in testimony will be disregarded, and every reasonable intendment deducible from the evidence must be indulged in such party's favor. Rule 301, Texas Rules of Civil Procedure.

■ Appellants readily concede, in their brief, that they recognize the general rule that the trial court's judgment will be presumed to be supported by the evidence in the absence of a statement of facts, but contend that, where the driver of appellee's truck did not appear except by deposition, and where the deposition testimony is set forth (at least in part) in appellants' motion for judgment, and is not controverted by defendant's (appellee's) counsel, it should be controlling upon the appellate court. An attempt is made to draw an analogy between the rule that exists in a situation where there is a conflict between the bill of exceptions and the statement of

facts; the courts of this state, in passing upon the question, having held that the bill of exceptions controls. We overrule this contention. The procedures by which a bill of exceptions is, or may be, perfected are under the close supervision and control of the court, but such is not the case with respect to matters set forth in a motion for judgment. We are of the opinion that the testimony set forth in appellants' motion for judgment may not be considered by an appellate court, particularly where, as in this case, there has been no agreement of counsel as to its being correct, nor certification by the trial judge of the correctness of the statements therein contained.

It has been held that a document, prepared by the court reporter and certified as a correct transcript of the argument, was not entitled to consideration as part of an appellate record in the absence of agreement of counsel as to its being correct, or certification by the trial judge which would have constituted it, in effect, a bill of exceptions. Associated Employers Lloyds v. Wynn, Tex.Civ.App., 230 S.W.2d 838; Texas Midland R. Co. et al. v. Becker & Cole, Tex.Civ.App., 171 S.W. 1024.

■ In the absence of a statement of facts, the reviewing court is required to assume that the evidence supports both the findings and the verdict; and, in such cases, where a determination of the questions raised by assignments of error would require the reviewing court to refer to the evidence in the case, such points of error must be overruled.

■ Even if we assume that the evidence set forth in appellants' motion for judgment is properly before us and subject to consideration, it would, at best, constitute no more than an abbreviated or partial record of the evidence in the case; and, in the absence of a complete statement of facts, we must assume that the omitted or excluded portion of the record is favorable to and supports the judgment of the trial court. Locke v. J. H. Marks Trucking Co., Tex.Civ.App., 318 S.W.2d 1.

Since we are of the opinion that appellants' Points 1 and 2 would require us to refer to the evidence in the case before such questions could be passed upon, they, and each of them, in the absence of a statement of facts, are accordingly overruled.

We have also carefully considered appellants' alternative Point No. 3, wherein it is contended that a conflict exists between the jury's answers to Special Issues Nos. 19 and 20.

Appellants' assignment of error is based on the premise that Special Issues 17 to 21, as submitted, are sufficient to invoke the doctrine of discovered peril. In answer to these issues, the jury found, (17), that prior to the collision the deceased, Fred L. Porter, was in a perilous position; (18), that the driver of defendant's truck discovered that deceased was in a perilous position; (19), but that the driver of defendant's truck did not discover the peril of deceased within such time and distance as to, by the exercise of ordinary care in the use of all means at his command, have avoided the collision; (20), that the failure of defendant to exercise all of such means was negligence; and, (21), that such negligence was a proximate cause of the death of deceased.

■ The elements of the doctrine of discovered peril which must be raised by the evidence, submitted, and resolved by the jury in order to invoke the doctrine are:

(1) That the decedent was in a position of peril;

(2) That appellee's driver saw the decedent and knew and realized the perilous position of the decedent and that decedent would not be able to extricate himself from it, *at a time when,* by the use of the means at hand, having due regard for the safety of himself and his passenger, appellee's driver could have avoided the collision by the use of ordinary care;

(3) That *after* making such discovery and *after* having such realiza-

tion, the appellee's driver failed to exercise ordinary care in the use of all the means at hand to avoid the collision; and

. (4). That such failure was a proximate cause of the collision.

 Since this appeal is before us without a statement of facts, we are unable to determine even whether the doctrine of discovered peril was raised by the evidence, and its submission warranted. In any event, the jury found, in answer to Special Issue No. 19, that appellee's driver *did not discover the peril of deceased in time* to have avoided the collision. The court does not limit its inquiry regarding the failure, if any, of the appellee's driver to exercise care *after* having discovered the perilous position of the deceased, but permits the jury to convict appellee's driver of negligence for his failure to discover the peril of deceased in sufficient time to have avoided the accident. It is the duty of the one invoking the doctrine of discovered peril to see that the issues are properly submitted, and where the court has failed to submit properly requested special issues, to preserve such error by exception. This the appellant failed to do. As submitted, the jury answer to Special Issue No. 20 merely convicts appellee's driver of ordinary negligence, and does not convict him of the reckless and wanton conduct required to invoke the doctrine of discovered peril, and thus overcome the jury's findings as to the decedent's own contributory negligence.

Appellants' Point No. 3 is accordingly overruled.

 This brings us to a consideration of appellants' Point 4, in which it is urged that the court erred in refusing to submit plaintiff's special requested instruction, to the effect that a legal presumption existed that the deceased exercised ordinary care for his own safety on the occasion in question, and that said presumption must be rejected by legal and competent evidence by preponderance of the evidence thereof.

We are of the opinion that such a presumption may not properly be the subject of an instruction to the jury. The sole and only effect of this presumption, and others like it, is to fix the burden of producing evidence. They are not evidence of something to be weighed along with the evidence. Southland Life Ins. Co. v. Greenwade, 138 Tex. 450, 159 S.W.2d 854; Stooksberry v. Swann, 85 Tex. 563, 22 S.W. 963.

 As stated by Professor Charles Mc-Cormick, in his 2nd Edition of Texas Law of Evidence, Volume 1, at page 75, the law applicable to "presumption" is summarized as follows:

"Under the more generally accepted view (and the Texas view) that the sole effect of a presumption is to fix the burden of producing evidence, obviously presumptions are nothing more than rules for the guidance of the trial judge in locating the burden at a particular time. The court first has to determine whether the opponent has produced sufficient evidence to support a finding of the non-existence of the presumed fact; if so, the case will proceed as if no one had ever heard of the presumption. If such evidence is not produced, the jury will be directed either absolutely or conditionally to find the presumed fact. In the situation where the party against whom the presumption works has the burden of persuasion, as well as the burden of producing evidence, the presumption will have no effect whatsoever. Thus it would seem to logically follow that no instruction to the jury is required"

We are of the opinion that no error was committed by the trial court in refusing to submit an instruction on presumption; and accordingly appellants' Point 4 is overruled.

We have heretofore overruled other points raised by appellants which we deemed would require an examination of the evidence for us to pass upon them.

The judgment of the trial court is affirmed.