Dale **CLAYTON**, Plaintiff-Appellee,

v.

Samuel **BURSTON**, Defendant-
Appellant.

No. 73–2393.

United States Court of Appeals,
Fifth Circuit.

May 3, 1974.

Paul W. Dudley, Robert A. Skipworth, El Paso, Tex., for defendant-appellant.

Mark Howell, El Paso, Tex., for plaintiff-appellee.

Before GOLDBERG and AINSWORTH, Circuit Judges, and LYNNE, District Judge.

GOLDBERG, Circuit Judge:

Plaintiff brought this diversity action in United States District Court for the Western District of Texas seeking to recover damages for personal injuries suffered in an automobile accident in El Paso, Texas on the evening of August 31, 1972. She alleged that defendant had operated his vehicle negligently by proceeding past a stop sign and into her path. Defendant denied that he had acted improperly in advancing beyond the stop sign and by way of affirmative defense asserted seven specifications of contributory negligence.[1] The jury returned a verdict for plaintiff with damages of $25,000. Defendant appeals on the ground that the trial court improperly and inaccurately instructed the jury on presumption of negligence. Finding that serious errors in the trial court's instruction on the applicable state law affected defendant's substantial rights, we reverse.

Article 6701d of the Revised Civil Statutes of Texas provides in part that:

"A driver obligated to stop and yield the right-of-way . . . who is involved in a collision or interference with other traffic at such intersection is presumed not to have yielded the right-of-way as required by this Act."[2]

In apparent deference to this statute and to *Erie*'s command that state law govern the substance of its charge, the district court instructed the jury that:

"[P]resumptions are deductions or conclusions which the law requires the jury to make under certain circumstances in the absence of evidence in the case which leads the jury to a different or contrary conclusion. I mention that to you because there is a presumption in this case and I will discuss that in a moment. (App. p. 122)

"A presumption continues to exist only so long as it is not over come or outweighed by evidence in the case to the contrary, but unless and until the presumption is so out weighed the jury is bound to find in accordance with the presumption. (App. p. 122)

. . .

"Furthermore, in connection with this rule of law, there is an additional rule. As I said a moment ago, there is a presumption and you must presume it, and that is evidence in itself unless it is overcome by other testimony that is offered. (App. p. 124)

"A driver who is obligated to stop and yield right of way in accordance with Section C, which I just read to you about right of way, of Section 71, who is involved in a collision or interference with other traffic is presumed not to have yielded the right of way as required by this act, so if there is a collision in an intersection such as this where there is a stop sign, in this case, the Defendant, because there was a stop sign—there arises a presumption that he failed to yield the right of way. In other words, that he was negligent. Under those facts alone, as I read to you a moment ago, that presumption remains, that he failed to yield the right of way, and the jury must accept that and it con-

---

1. Defendant contended, *inter alia*, that plaintiff had operated her car without lighted head lamps, had failed to keep a proper lookout, had failed to turn in order to avoid the collision, and had applied her brakes improperly.

2. Tex.Rev.Civ.Stat.Ann. art. 6701d, § 71(e).

tinues to exist only so long as it is not over come or out weighed by evidence in the case to the contrary." (App. pp. 124, 125)

■ The district court correctly perceived that in a diversity tort case the applicability of any presumption, either of negligence or due care, is governed by state law. Castilleja v. Southern Pacific Co., 5 Cir. 1969, 406 F.2d 669. Unfortunately that same clarity of perception did not guide the substance of the court's charge to the jury, for the portions quoted above contain three serious misstatements of Texas law.

■ First, the trial court instructed that the statutory presumption was "evidence in itself." The courts of Texas, however, have repeatedly advanced the contrary proposition, holding, with admirable consistency, that a presumption is not evidence in the case.

"We are of the opinion that such a presumption [of due care] may not properly be the subject of an instruction to the jury. The sole and only effect of this presumption, and others like it, is to fix the burden of producing evidence. *They are not evidence of something to be weighed along with the evidence.*" [emphasis added]

Armstrong v. West Texas Rig Company, 1960, 339 S.W.2d 69, 74 (Ct. of Civil Appeals, El Paso, writ ref'd n. r. e.).

■ As *Armstrong* indicates, the effect of a presumption is merely to place the burden of going forward on the party against whom it operates, and not to allocate the burden of proof. The trial court further erred, therefore, when it instructed the jury that they were required to decide in favor of plaintiff—the party with the benefit of the presumption but the burden of proof —unless that presumption were "over come or outweighed by evidence in the case to the contrary." A jury in Texas need not find in accordance with a presumption if sufficient rebuttal evidence is presented so that reasonable men might differ as to the occurrence of the presumed fact. Upon the introduction

of such evidence, the evanescent presumption evaporates. This process has been noted frequently by the Texas courts.

"It is settled in this state, and by the weight of authority elsewhere, that such presumption is not evidence but rather a rule of procedure or an 'administrative assumption' which 'vanishes' or is 'put to flight' when positive evidence to the contrary is introduced."

Empire Gas & Fuel Co. v. Muegge, 1940, 135 Tex. 520, 143 S.W.2d 763, 767 (Comm.App., Section B, opinion adopted).

"A true presumption is simply a rule of law requiring the jury to reach a particular conclusion in the absence of evidence to the contrary. The presumption does disappear, therefore, when evidence to the contrary is introduced, but the facts upon which the presumption is based remain in evidence and will support any inferences that may properly be drawn therefrom."

Sudduth v. Commonwealth Mutual Insurance Co., 1970, 454 S.W.2d 196, 198 (Tex.Sup.Ct.).

■ *Armstrong, Muegge,* and *Sudduth* also demonstrate rather clearly the third and overriding error of the court below. Defendant met the presumption during his case in chief with his own testimony and that of a passenger. Both asserted that defendant had proceeded safely through the stop sign, only to collide with plaintiff's blacked out vehicle. This evidence was considered sufficient by the trial judge to permit the issue of defendant's negligence to go to the jury; and at that time, rebuttal evidence having been produced, the presumption had "vanished" from the case. The proper instruction to the jury on this matter, therefore, was no instruction at all. Professor McCormick has succinctly summarized the procedure that ought to have been followed below.

"Under the more generally accepted view (and the Texas view) that the

sole effect of a presumption is to fix the burden of producing evidence, obviously presumptions are nothing more than rules for the guidance of the trial judge in locating the burden at a particular time. The court first has to determine whether the opponent has produced sufficient evidence to support a finding of the non-existence of the presumed fact; if so, the case will proceed as if no one had ever heard of the presumption."[3]

■ Plaintiff does not seriously argue for either the correctness or the propriety of the trial court's charge on this point. Indeed, her brief concedes that "although the authorities are divided upon the propriety of instructing the jury on presumptions, it appears that Texas has adopted the view that no instruction should be given." Plaintiff attempts to save the judgment below, however, on the grounds that defendant did not properly object to the instruction at the time it was delivered and that any errors in the charge were harmless in the context of the evidence adduced at trial and the total instruction. We find no merit in the contention that the errors discussed above are not properly before us[4], and our examination of the record, including both the testimony at trial and the full text of the court's charge, has led us inexorably to the conclusion that, given the trial court's misstatements of law, a refusal to reverse here would be "inconsistent with substantial justice." Rule 61, F.R.Civ.P.

■ The outcome in this trial turned largely on the jury's assessment of the relative credibility of plaintiff and defendant, and the weight to be given third party testimony for both sides in light of discrepancies between information revealed at the time of the accident and that given on the witness stand some months later. Plaintiff's case was a strong one, but it was far from sufficient to justify a directed verdict in her favor. Into the midst of this uncertainty the trial court released significant legal error—all to defendant's detriment. The court first introduced the notion of a presumption of negligence when it did not properly belong in the case, and then proceeded to compound that misjudgment by the elevation of an "administrative assumption" into a controlling piece of evidence. To permit a jury verdict reached under such a distorted statement of the law to stand would not comport with traditional concepts of fair trial and substantial justice. Should plaintiff elect to prosecute this suit again on remand, a second jury might well concur with the first on the relative fault of the parties. Nothing in the record of the trial below or our opinion would preclude such a result. Defendant is not entitled to a jury verdict in his favor; but he can demand as of right that the evidence be considered on the basis of an accurate formulation of the controlling law.

Reversed and remanded for a new trial.

---

3. Armstrong v. West Texas Rig Company, 1960, 339 S.W.2d 69, 74 (Ct. of Civil Appeals, El Paso, writ ref'd n. r. e.), quoting 1 Texas Law of Evidence at 75.

4. Plaintiff did not request an instruction on presumption of negligence. The trial court included that portion of the charge on its own motion. The record shows that defendant made timely objection to the inclusion of this information on two bases: (1) that no instruction on presumption of negligence was proper in this case and (2) that the wording of this particular instruction operated to deny defendant his affirmative defenses.

These objections were sufficient under Rule 51 to preserve for consideration on appeal the first and third errors discussed above. Plaintiff raises a nice question as to whether any statement made by defendant's counsel was sufficient to put the trial judge on notice that the charge placed on defendant the burden of demonstrating his freedom from negligence. However, this Court has previously held just such a serious misallocation of the burden of proof to be plain error which the Court itself could note for the first time on appeal. Sheppard Federal Credit Union v. Palmer, 5 Cir. 1969, 408 F. 2d 1369.