**Rhonda HAILES, Appellant,**

v.

**Lindell Ray GENTRY, Jr., et ux., Appellees.**

**No. 6411.**

Court of Civil Appeals of Texas,
El Paso.

Feb. 19, 1975.

Norman C. Peyton, El Paso, for appellant.

Pearson, Speer, Oden, Hardie & Caballero, Barney Oden, Jr., El Paso, for appellees.

OPINION

WARD, Justice.

This is a street intersection accident case where the plaintiff-driver was awarded a judgment from the defendant-driver after a' jury tried case. The attack before us is leveled at the lookout and speed findings made by the jury which found fault with the defendant's conduct and on certain objections to the Court's charge. We affirm.

By appropriate points, the defendant challenges the findings of negligence and proximate cause as to the defendant's substandard lookout and excessive speed. The points complain that there was "no evidence" and insufficient evidence to support each finding and a further complaint is to the effect that the answers are contrary to the great weight and overwhelming preponderance of the evidence. As to the "no evidence" points we will consider only the evidence in support of the findings of the jury, while as to the others challenging the sufficiency of the evidence we will consider the record as a whole.

The plaintiff, the defendant, and the investigating officer were the only witnesses who testified. The accident occurred at an uncontrolled intersection in El Paso on a clear day at 8:10 in the morning. The posted speed limit was 30 miles an hour. The plaintiff was driving east on Kilmaltie Street. She testified that she lives only five houses from the intersection involved and she had started from her house and started driving east. When she reached the intersection which is made by Hawick Street, she looked to the right and saw no cars coming and proceeded. Her car then began to sputter and stall and she became occupied with the operation of her car. When she reached the far side of the intersection she was struck at the right rear portion of her car and was spun around one and a half times. She said she was going only 5 or 10 miles an hour. She never saw the defendant's car which came from her right and never heard any application of brakes. The cost of repairs to her car was some $800.00.

The defendant who was driving north on Hawick Street stated she was driving at 20 to 25 miles an hour and slowed at Kilmaltie where she looked both ways. She never saw the plaintiff's car prior to the collision. She slowed down going into the intersection, and her automobile which was worth some $2,100.00 was totally demolished. She admitted that if she had seen the plaintiff's car in time she could have turned to the left and have avoided the collision.

Officer Theriot testified generally from his report and he stated that he found no skid marks. He did agree with the plaintiff's version to the extent that he estimated that the plaintiff's car had almost cleared the intersection, as he found what he believed to be the point of impact. He further testified that from his experience he was of the opinion that the defendant was driving over 30 miles an hour when the collision occurred.

The disputed fact issue as to the defendant's lookout and its proximate cause was presented for the jury's determination. The jury believed the testimony offered by the plaintiff. They apparently accepted the statement that the plaintiff was going only 5 or 10 miles an hour, that her car had almost exited the intersection, and the defendant's automobile struck it at the right rear. They believed the defendant when she said she never saw the plaintiff's car and the fact that she never braked her automobile. Even assuming that the defendant had the right-of-way, she was not entitled to close her eyes to that which was plainly visible and which

would have been observed by a person of ordinary prudence similarly situated. DeWinne v. Allen, 154 Tex. 316, 277 S.W. 2d 95 (1955). From the defendant's own testimony, she could have taken the necessary evasive action and avoided the collision had she seen the plaintiff's automobile. Owens v. Acme Oil Company, 408 S.W.2d 947 (Tex.Civ.App.—Tyler 1966, writ ref'd n. r. e.); Thornton v. Campise, 459 S.W.2d 455 (Tex.Civ.App.—Houston (14th Dist.) 1970, writ ref'd n. r. e.). The verdict is fully supported both on the lookout and proximate cause issues. Reviewing the record in its entirety, we also find sufficient evidence to support these findings and that they are not against the great weight and preponderance of the evidence.

■ We next consider the points which are in similar form and which are advanced as to the findings concerning the defendant's unreasonable speed. Here, we find an unusual attack being made. Over the defendant's objection, the police officer was permitted to give his opinion as to the defendant's speed where there was an absence of skid marks and the opinion was based alone on damage resulting from the collision. The officer's opinion as to speed was not admissible. The exclusionary rule applies to the officer's opinion where no skid marks are present and the opinion is based only on physical damage and where no other qualifications as an expert are shown other than the officer's experience in investigating accidents. This rule has been consistently followed since Union Bus Lines v. Moulder, 180 S.W.2d 509 (Tex. Civ.App.—San Antonio 1944, no writ).

■ Without the officer's testimony on speed we have only what the two drivers and the physical facts can show. The plaintiff urges that the impact evidence and the fact that the plaintiff did not see the defendant's car when she looked and that she could see two blocks to her right justify the speed submission. She argues

that certain comparative distance traveled factors of the two cars show that the defendant was driving at an excessive speed. As we view the evidence, the plaintiff's testimony is equally persuasive of the fact that she just didn't see the defendant's car when it was in view, and considering only the favorable evidence and the reasonable inferences in favor of the finding, we hold that there is no evidence to support the finding of excessive speed under the circumstances. We sustain point number seven. Regardless of that, when we consider the entire record, we would also hold that the evidence on excessive speed is so weak and so factually insufficient as to be against the great weight and preponderance of the evidence, and if we were to reach the point we would sustain the Appellant's point number eight. See Central Freight Lines, Inc. v. Bergeron, 470 S.W.2d 117 (Tex.Civ.App.—Beaumont 1971, writ ref'd n. r. e.).

As to point number nine, being the no evidence on proximate cause as to speed, we sustain that point. Points ten and eleven are the challenges on insufficient evidence and against the great weight and preponderance of the evidence as to proximate cause. From the record as a whole, we find that the two points have merit and should be sustained were we to reach them. Central Freight Lines, Inc. v. Bergeron, supra at 122–123.

■ Since the judgment for the plaintiff may rest upon the jury's findings of the defendant's negligent lookout and the companion proximate cause issue, these errors are harmless and do not call for a reversal. Texas Rules of Civil Procedure, rule 434.

■ The twelfth and thirteenth points relate to the trial Court's refusal to submit the defendant's special instruction as to the statutory presumption contained in Article 6701d, Sec. 71(e), Vernon's Tex.Rev.Civ. Stat.Ann. The requested instruction was to the effect that: "A driver obligated to

stop and yield the right-of-way, in accordance with the above paragraph, who is involved in a collision at such intersection is presumed not to have yielded the right-of-way as required by law." The uncontrolled intersection right-of-way instruction which was submitted by the Court is copied verbatim from the instruction contained in PJC 6.02, Texas Pattern Jury Charges, Vol. 1, at 166. The comment in that work made at page 168 notes that the Committee expresses no opinion as to whether an instruction concerning the presumption should be given. Regardless of that, we follow the rule laid down by Chief Justice Langdon in Armstrong v. West Texas Rig Company, 339 S.W.2d 69, 74 (Tex.Civ App. —El Paso 1960, writ ref'd n. r. e.) :

"We are of the opinion that such a presumption may not properly be the subject of an instruction to the jury. The sole and only effect of this presumption, and others like it, is to fix the burden of producing evidence. They are not evidence of something to be weighed along with the evidence." (Cases cited).

Arguments against the use of the presumption in instructions are set forth in McCormick & Ray, Texas Evidence, Vol. 1, § 57, at 75. See also United Founders Life Insurance Co. v. Carey, 347 S.W.2d 295 (Tex.Civ.App.—Austin 1961), reversed on other grounds, 363 S.W.2d 236 (Tex. 1962). In Castilleja v. Southern Pacific Company, 406 F.2d 669 (5th Cir. 1969), at 674, note is made that Professor McCormick disagreed with Professor Ray. See McCormick on Evidence, §§ 314–317 (1954). However, in accordance with what we believe to be the Texas rule, points twelve and thirteen are overruled.

The trial Court submitted Special Issue No. 1 which with the jury's finding is as follows:

"At the time and place in question and under the conditions shown by the evidence, was RHONDA HAILES negligent in any of the following respects:

(a) As to lookout ____YES____.

(b) As to speed ____YES____.
"Answer 'Yes' or 'No' to each of the above."

General instructions regarding the answer of "Yes" or "No," of the meaning of preponderance of the evidence, ordinary care and negligence, were given by the trial Court in the Court's charge in identical form as contained in Texas Pattern Jury Charges, Vol. 1 (Supp.1973), at 10.

■ By a series of points the defendant contends that the wording contained in the special issue "under the conditions shown by the evidence" was a comment on the weight of the evidence, was improper and confusing to the jury, and created an ambiguity in the charge that would allow the jury to indulge in speculation on the meaning of the terms and how they were to be applied to the conduct of the defendant. While the phrase is repetitious to the phrase "under the same or similar circumstances" contained in the definitions of ordinary care and negligence, we overrule the objections because of the broad discretion granted the trial Court in formulating the issues under present Rule 277, Tex.R. Civ.P., as amended.

■ By her last point, the defendant complains of the lookout submission, in issue 1(a), in that the standard of care of the ordinary person is omitted. The point is overruled as the correct standard of care is contained in the definition of ordinary care and negligence in the instructions. The submission is similar to Sample Charge "A" contained in Texas Pattern Jury Charges, Vol. 1 (Supp.1973), supra.

After having considered all of the defendant's points, the judgment of the trial Court is affirmed.