**Manuel Albert HOLCEMBACK, Appellant,**

v.

**Wanda Howie HOLCEMBACK, Appellee.**

**No. 5256.**

Court of Civil Appeals of Texas, Eastland.

March 22, 1979.

---

David M. Stagner, Nance, Caston & Nall, Denison, for appellant.

Michael Thompson, Jarvis, Thompson, Grisham, Sanders, Smyre, Hagood, Emerson & Fry, Denison, for appellee.

McCLOUD, Chief Justice.

This is an appeal of a property division rendered by the court upon the granting of a divorce. The issue is the status of a thirty acre tract of land acquired by purchase during the marriage. The court found that the property was purchased with community funds and was community property. The thirty acre tract was awarded to the husband, Manuel Albert Holcemback, but the court imposed an equitable lien on the property until the husband paid the wife, Wanda Howie Holcemback, the sum of $9,972.50, which the court awarded to her. Manuel Albert Holcemback has appealed. We affirm.

The parties were married on April 30, 1971. On January 9, 1973, Matilda Holcemback, mother of Manuel Albert Holcemback, executed a deed conveying the thirty acre tract to Manuel Albert Holcemback. The deed recited that the consideration was paid out of "his separate funds and estate" and the property was conveyed to Manuel Albert Holcemback as "his separate property and estate." The husband testified that he paid his mother $1,000 on January 9, 1973, and paid her the balance of $3,620 on February 20, 1974, when they "finally closed" the deal. He testified that he had $7,500 "cash" when the parties married. He stated this money was kept in his dresser drawer. He did not show this money to his wife or anyone else. Wanda Howie Holcemback testified that in performing the normal household functions as a wife, such as putting clothes in drawers, she had never seen any money hidden around the house. The husband testified that he took $4,000 from the cash he had at the time of the marriage and deposited it on December 19, 1973, in a savings account in the name of "M. A. Holcemback." On February 20, 1974, Manuel Albert Holcemback withdrew $3,620 from the savings account and paid his mother the balance owed on the property. Substantial improvements were placed on the property during the marriage. The trial court found that the husband controlled the "financial aspects of the marriage."

Manuel Albert Holcemback argues that the property is presumed to be his separate property because of the recitations in the deed. Wanda Howie Holcemback urges that since she did not participate in the transaction, there is no separate property presumption, and the community property presumption contained in Section 5.02 of the Texas Family Code controls.

Our Supreme Court in *Hodge v. Ellis,* 154 Tex. 341, 277 S.W.2d 900 (1955) held that in this type of situation neither a presumption that the property is separate nor a presumption that the property is community should be applied. In discussing the rule to be applied when the spouse claiming the property to be community did not participate in the transaction, the court said:

> not only is the husband free of the parol evidence rule in proving the community nature of the transaction as against the separate property recitals in the deed, but also there would seem to be little more reason to apply a presumption from the recitals in favor of the wife's separate estate than to apply the elemental presumption to the contrary effect. It is accordingly reasonable to say that in such a case, once there is adduced evidence of probative force tending to show the property to have been purchased with community funds, the question as to the status of the property is ordinarily one of fact.

See also Fritz, Marital Property—Effects of Recitals and Credit Purchases, 41 Texas L.Rev. 1 (1962).

In the instant case, as in *Hodge,* there is evidence that community funds came into the possession of the husband prior to the conveyance. This is some evidence to support the finding of the trial court that the thirty acre tract was purchased with community funds. The testimony of the husband, an interested witness, that he purchased the property with cash, kept in a dresser drawer, that he owned prior to the marriage was not conclusive. *Huntley v. Huntley,* 512 S.W.2d 767 (Tex. Civ.App.—Austin 1974, no writ); *Kirtley v. Kirtley,* 417 S.W.2d 847 (Tex.Civ.App.— Texarkana 1967, writ dism'd); *Parmeter v. Parmeter,* 348 S.W.2d 51 (Tex.Civ.App.— Dallas 1961, no writ). After considering the entire record, we further hold that the evidence is not factually insufficient to support the finding. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

We have reviewed the property division rendered by the trial court and hold that the court did not clearly abuse its discretion. *Bell v. Bell,* 513 S.W.2d 20 (Tex. 1974).

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.