**Clayton SANDERS and Forshage Trucking Company, Appellants,**

v.

**Pedro and Lena DAVILA, Appellees.**

No. 9054.

Court of Civil Appeals of Texas, Amarillo.

Dec. 31, 1979.

Rehearing Denied Jan. 23, 1980.

Wm. A. Clifford, Lubbock, for appellants.

Edwards & Associates, James R. Edwards, Lubbock, for appellees.

REYNOLDS, Chief Justice.

Plaintiffs, who suffered damages in a head-on vehicular collision, were granted a monetary judgment upon a jury verdict returned on a charge which contained an improper instruction imposing on defendants a greater burden of proof than permitted by law. Reversed and remanded.

The head-on collision occurred several miles north of Lubbock on 20 August 1974 at a point where U.S. Highway 87 is divided by a median into two roadways, each of which consists of two lanes for vehicular traffic moving in northerly and southerly directions. Just before the collision, a truck-trailer rig owned by Forshage Trucking Company and operated by Clayton Sanders was proceeding south in the right-hand lane of the highway, followed by a tractor owned by Leaseway-Southwest, Inc., and operated by Terry David McAfee. The Forshage rig hit some rain-slick asphalt, slipped to the right, and Sanders steered it to a stop on the grassy right-of-way. McAfee, who testified that he swerved the Leaseway-Southwest tractor to the left to avoid a collision with the Forshage rig and hit the same slick spot, lost control. The tractor crossed the median onto the northbound roadway where, in the right-hand traffic lane, it collided head-on with a truck operated by Pedro Davila and in which his wife, Lena, was a passenger.

The Davilas sued Sanders, Forshage, McAfee and Leaseway-Southwest to recover their damages. The cause has been twice tried, and in each trial the jury failed to find any negligence by the Davilas which proximately caused their damages.

In the first trial, the jury convicted Sanders and Forshage of, but exonerated McAfee from, negligence which proximately caused the Davilas' damages, fixed at $82,645.24 by the jury. The judgment rendered on that verdict was reversed because an erroneous instruction on imminent peril was given on behalf of a defendant. *Sanders v. Davila*, 550 S.W.2d 709 (Tex.Civ.App.—Amarillo), *writ ref'd n.r.e. per curiam*, 557 S.W.2d 770 (Tex.1977).

Upon remand, the second-trial jury found both Sanders, the admitted agent and employee of Forshage, and McAfee guilty of negligence—apportioned 25 percent to Sanders and 75 percent to McAfee—which proximately caused $189,001.24 damages to the Davilas. Sanders, Forshage and McAfee appealed from the verdict-based judgment.

During the pendency of the appeal, the Davilas, together with two intervenors, and McAfee and Leaseway-Southwest represented they had reached a settlement, and jointly moved that the Davilas' cause of action asserted against McAfee and Leaseway-Southwest be severed, the portion of the judgment rendered against McAfee be reversed, and judgment be rendered that the Davilas take nothing against McAfee and Leaseway-Southwest, with three-fourths of the costs assessed against Mc-

Afee.[1] Judgment was rendered accordingly. *Sanders v. Davila*, No. 9054 (Tex.Civ.App.—Amarillo, April 30, 1979).

Pursuing their appeal, Sanders and Forshage begin with an attack on a jury instruction which, they urge, constituted reversible error. The instruction, appearing in the court's charge after the regular instruction on preponderance of the evidence, was submitted over their objections in these words:

> You are instructed that PEDRO DAVILA is presumed to have exercised ordinary care for his own safety and in order for this presumption to be rebutted, the Defendants must bring competent evidence so conclusive that reasonable minds could not differ with respect thereto.

The Davilas initially respond that the appellate attack on the instruction was waived because the reasons Sanders and Forshage assert on appeal were not the objections they made to the instruction in the trial court. The subject matters of some of the points of error are foreign to the objections voiced in the trial court, and these may not be entertained; however, two of the points of error, as developed by the arguments made and the authorities cited thereunder, adequately preserve two of the trial court objections for consideration. Rules 272, 274 and 418.[2] The objections are that the instruction should not be given and that, as given, it places a greater burden of proof upon the defendants than is required by law.

■ Alternatively, the Davilas defend the instruction as one proper under Rule 277 and the evidence. In this connection, Rule 277 authorizes the court to submit such explanatory instructions—which must not be a direct comment on the weight of the evidence or advise the jury of the effect of their answers—as shall be proper to enable the jury to render a verdict. Still, an instruction must be correct to be a proper one authorized by the rule. Pope & Lowerre, *The State of the Special Verdict—1979*, 11 St. Mary's L.J. 1, 37–38 (1979).

The instruction was submitted as a paraphrasing of language from *Boaz v. White's Auto Stores*, 141 Tex. 366, 172 S.W.2d 481, 483 (1943). There, pedestrian Boaz was killed when struck by a truck. The jury was not convinced that Boaz was negligent, but White's insisted that Boaz was guilty of negligence as a matter of law. Considering the question, the Supreme Court said:

> The presumption is that the deceased exercised ordinary care for his own safety, and in order for respondents to be entitled to have it ruled that, as a matter of law he failed to do so, the burden rested upon them to overcome that presumption by competent evidence so conclusively that reasonable minds could not differ with respect thereto. The question must be approached from the viewpoint of the deceased. His lips are closed and we do not have the benefit of his version of the occurrence. There is not the slightest suggestion that he was bent on self-destruction, and the strongest of presumptions is that he was not.[3]

172 S.W.2d at 483. Plainly, the Supreme Court expressed the presumption for the obvious and sole effect, as it is the sole effect of any presumption, to guide the court in fixing the burden of producing proof. *Accord*, 1 C. McCormick & R. Ray, *Texas Law of Evidence* § 57 (2d ed. 1956). There is nothing in the language of *Boaz* to even intimate that the presumption would

---

1. In their brief, the Davilas stated that Terry David McAfee settled his part of the cause for $141,000.

2. All references to rules are to the Texas Rules of Civil Procedure.

3. The presumption is worded and its rationale is designed to be applicable to a deceased person, yet, under the same reasoning, the presumption has been extended to a person rendered *non compos mentis* by an accident, *Fan-*nin v. Hall, 561 S.W.2d 952, 956 (Tex.Civ.App.—Tyler 1978, no writ); however, absent the same rationale, at least two courts of civil appeals have applied the presumption to an injured person. *See, e. g., Polasek v. Quinius*, 438 S.W.2d 828, 838 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.); *Bodine v. Welder's Equipment Company*, 520 S.W.2d 407, 413 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

be the subject of a proper instruction to the jury.

A true presumption operates to invoke a rule of law that compels the jury to reach a conclusion in the absence of evidence to the contrary. *Farley v. M M Cattle Company*, 529 S.W.2d 751, 756 (Tex. 1975). Absent the contrary evidence, there is no decision for the jury. Upon introduction of the contrary evidence, the presumption, which is not evidence, ceases to exist, *Empire Gas & Fuel Co. v. Muegge*, 135 Tex. 520, 143 S.W.2d 763, 767 (1940), and the presumption is neither to be weighed nor treated as evidence by the jury in arriving at its verdict. *Combined American Insurance Company v. Blanton*, 163 Tex. 225, 353 S.W.2d 847, 849 (1962). Thus, in any event, an instruction that one is presumed to have exercised ordinary care for his own safety may not properly be submitted to the jury. *Armstrong v. West Texas Rig Company*, 339 S.W.2d 69, 74 (Tex.Civ.App.—El Paso 1960, writ ref'd n.r.e.).[4]

Moreover, the trial court submitted special issues inquiring whether Pedro Davila was negligent with respect to speed, lookout, failure to turn and intoxication. These issues would not have been submitted if they were not raised by the evidence. Rules 277 and 279. Being submitted, the issues were to be resolved from a preponderance of the evidence, for, in a civil case, it is error to instruct the jury that an issue requires a standard of proof greater than a preponderance of the evidence, *State v. Turner*, 556 S.W.2d 563, 565–66 (Tex.1977), *cert. denied*, 435 U.S. 929, 98 S.Ct. 1499, 55 L.Ed.2d 525 (1978), with one exception. The one exception is that the clear and convincing standard of proof is to be employed to indefinitely commit one to a state mental hospital. *State v. Addington*, 588 S.W.2d 569, (Tex.Sup.1979).[5] By in-

structing that Pedro Davila's negligence, if any, must be established conclusively, *i. e.*, as a matter of law, the court misstated the law. An instruction that misstates the law cannot be expected to produce a correct verdict. Pope & Lowerre, *The State of the Special Verdict—1979*, 11 St. Mary's L.J. 1, 38 (1979).

The giving of an improper instruction which also misstates the law is, within the sense of Rule 434, harmful error. What has been written answers, moots or makes academic all matters, save one, which have been advanced on appeal.

As to the remaining matter, the Davilas charged Forshage with negligent entrustment in allowing Sanders to operate its vehicle upon the highways. In submitting this matter to the jury, the court framed the issues and an instruction in terms of whether Sanders was an habitual violater of the traffic laws. The submission language was taken from Texas Revised Civil Statutes Annotated Article 6687b, § 22(b) 4 (Vernon 1977), which authorizes the Texas Department of Public Safety to suspend the license of any operator of a motor vehicle upon a proper hearing determination that he is an habitual violator of the traffic law as fixed by specified numbers of convictions for moving traffic violations within specified time periods. However, within the purview of the Davilas' pleadings and the evidence, the common law action for negligent entrustment is based upon the entrustment of a motor vehicle to a known reckless and incompetent driver. *See* 1 State Bar of Texas, *Texas Pattern Jury Charges*, PJC 9.02 (1969), together with the comments and citations there given. In the event of another trial which raises the question of negli-

---

4. It is not even proper to instruct the jury on a statutory presumption. *Hailes v. Gentry*, 520 S.W.2d 555, 558–59 (Tex.Civ.App.—El Paso 1975, no writ); Pope & Lowerre, *The State of the Special Verdict—1979*, 11 St. Mary's L.J. 1, 39 (1979).

5. Recently, the Supreme Court granted the application for writ of error in *In the Interest of*

*G. M. et al., Children*, 580 S.W.2d 65 (Tex.Civ. App.—Amarillo 1979), to determine the question whether the standard of proof required to terminate the parent-child relationship is to be by clear and convincing evidence or by a preponderance of the evidence. 23 Tex.Sup.Ct.J. 20 (Oct. 10, 1979).

gent entrustment, the submission should be in the terms of a reckless and incompetent driver.

The judgment of the trial court is reversed and the cause is remanded. Costs which have not been assessed to Terry David McAfee are adjudged against Pedro and Lena Davila. Rule 448.