**George S. WITHROW, Appellant,**

v.

**Richard Burton SHAW, Appellee.**

**No. 09 85 033 CV.**

Court of Appeals of Texas,
Beaumont.

April 24, 1986.

Rehearing Denied May 21, 1986.

Michael McGown, Weller, Wheelus & Green, Beaumont, for appellant.

Julie A. Owens, Fenley & Bate, Lufkin, for appellee.

OPINION

DIES, Chief Justice.

George S. Withrow, as plaintiff below, sued Richard Burton Shaw, as defendant below, because of an automobile collision, alleging personal and property damage. A jury found for defendant, following which the court granted a take-nothing judgment.

From this judgment plaintiff has perfected appeal to this court.

 Over objection of plaintiff, a Department of Public Safety officer was permitted to testify that defendant was making a "legal pass" to the left of plaintiff and "was not violating the law or any traffic violations when he tried and attempted to pass [plaintiff]". Defendant's counsel convinced the trial court the officer had been qualified as an expert in traffic laws and regulations in the State of Texas and was thus qualified "to give that conclusion or opinion." This testimony by the officer forms plaintiff's first group of points of error.

The officer was qualified by training and experience (he was in charge of eleven troopers) as an accident reconstruction expert. And, in Texas, "accident analysts and reconstruction experts can be qualified if they are highly trained in the science of which they testify." *Estate of Brown v. Masco Corp.,* 576 S.W.2d 105, 107–108 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.), and authorities cited.

But, this does not permit even a qualified reconstruction expert to give evidence and statements of law. "It is elementary in our law that witnesses are to give evidence as to facts, and not statements of law." *Collins v. Gladden,* 466 S.W.2d 629, 632 (Tex.Civ.App.—Beaumont 1971, writ ref'd n.r.e.); 2 R. RAY, *TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL sec. 1423 at 71, n. 95* (Texas Practice 3d ed. 1980). *See also Hailes v. Gentry,* 520 S.W.2d 555, 558 (Tex.Civ.App.—El Paso 1975, no writ). These points are sustained.

 Since this case must be tried again, we shall address the remainder of plaintiff's points. In his charge to the jury the court included *TEX.REV.CIV.STAT.ANN. art. 6701d, secs. 60(a), 68(a), 68(b), and 69(a)* (Vernon 1977). These sections, of course, relate to the rules when a motorist is turning left off a roadway onto another.

This was error on the part of the court, and amounted to a comment on the weight of the evidence. *Union Oil Co. of California v. Richard,* 536 S.W.2d 955 (Tex.Civ. App.—Beaumont 1975, writ ref'd n.r.e.).

"The only function of an explanatory instruction in the charge is to aid and assist the jury in answering issues submitted. [citing authorities] The only requirement to be observed is that the trial court must give definitions of legal and other technical terms. *'Anything else, however interesting, or, indeed, however relevant to the case in general—which does not aid the jury in answering the issues must be excluded.'* [quoting G. Hodges, Special Issue Submission in Texas]." (emphasis in original)

(Id. at 957–958)

The judgment of the trial court is reversed and the case is remanded for a new trial.

Reversed and Remanded.