Clayton H. GLOVER, Appellant,

v.

John HENRY, et al., Appellees.

No. 11–87–171–CV.

Court of Appeals of Texas,
Eastland.

Feb. 25, 1988.

Rehearing Denied March 31, 1988.

Elizabeth Gilday, Roger E. Beecham, S. Reid Heller, Stigall & Maxfield, Dallas, for appellant.

Kenneth N. Tarlton, Ritchie, Ray and Tarlton, Mike A. Smiddy, John D. Moore, Moore and Smiddy, Mineral Wells, for appellees.

## OPINION

McCLOUD, Chief Justice.

This is a trespass to try title suit in which Clayton H. Glover, plaintiff, sued John Henry, Martha Henry, Melba Goodwin (Individually and as Administrator of the Estate of J.B. Taylor, Deceased), B.S. Matson, and the Trustee of the M.O. Rife,

III, Trust A. A jury answered eight special issues favorably to the defendants. The trial court entered judgment on the jury's answers. From this judgment, the plaintiff appeals. We reverse and remand.

The record reflects that the plaintiff's mother, Willie Mae Glover Taylor, married J.B. Taylor in 1946. In 1947, J.B. Taylor, who had inherited an undivided one-fourteenth interest in the property in dispute, purchased the remaining interest from his mother, Mary C. Taylor, a widow, and from his brothers and sisters for $1,500. The $1,500 purchase price consisted of $200 cash and a $1,300 note. The deed recited that "the above $200 cash is paid out of the separate and individual cash of J. Bernard Taylor." The deed also stated that "the property deeded hereby is deeded to him [J.B. Taylor] as his sole and separate property." The deed described the $1,300 note as being payable to Mary C. Taylor, a widow, in six annual installments of $200 each, and a final annual installment of $100. The note provided for five percent interest per annum. The deed did not reflect an express agreement on the part of the vendor, Mary C. Taylor, the mother of J.B. Taylor, to look solely to the separate estate of J.B. Taylor for satisfaction of the indebtedness. The $1,300 note was not offered or admitted into evidence at trial.

The plaintiff introduced a release executed by Mary C. Taylor on March 19, 1957, which stated that the $1,300 note had been paid in full. The release stated that "J. Bernard Taylor has made and did make all of said payments on said note out of his own separate money in which no other had any interest."

Willie Mae Glover Taylor died in 1954. In 1982, J.B. Taylor and his third wife, Mary C. Taylor, conveyed the disputed property by warranty deed to John and Martha Henry, the son-in-law and daughter of Mary C. Taylor.

The determinative issue at trial was whether the property was the separate property of J.B. Taylor or the community property of J.B. Taylor and Willie Mae Glover Taylor. Special Issues Nos. 1, 2, and 3 were submitted to resolve this question. The plaintiff contends there is no

evidence, or alternatively insufficient evidence, to support the jury's findings on each of the issues.

In determining whether there is any evidence to support a jury's finding, we must consider only the evidence and the inferences tending to support the finding and disregard all evidence and inferences to the contrary. *Stafford v. Stafford,* 726 S.W.2d 14 (Tex.1987). In reviewing a jury finding to determine the factual sufficiency of the evidence, we must consider and weigh all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W. 2d 175 (Tex.1986).

Special Issue No. 1 reads:

Do you find from a preponderance of the evidence that the holder of the $1300.00 note agreed to look solely to the separate property of J.B. Taylor for payment of said note?

The jury answered "We do."

■ A question of fact is raised as to the character of the property when a deed to a spouse recites that the property is conveyed on credit as separate property and the documentary evidence fails to reflect an express agreement by the lender to look only to the purchasing spouse' separate estate for payment. *Hodge v. Ellis,* 154 Tex. 341, 277 S.W.2d 900 (1955). The intention of the spouses does not control the separate or community character of property purchased on credit during marriage. *Holloway v. Holloway,* 671 S.W.2d 51 (Tex.App.—Dallas 1983, writ dism'd). Such property is community property unless there is an express agreement on the part of the lender to look solely to the separate estate of the purchasing spouse for satisfaction of the indebtedness.

■ This case involves an intrafamily conveyance. The deed recited that the property was conveyed to J.B. Taylor as his separate property. The deed stated that the down payment was paid from the separate property of J.B. Taylor. The release stated that the note was paid from J.B. Taylor's separate property. These facts constitute some evidence to support the

jury's finding that the holder of the note, Mary C. Taylor, agreed to look solely to J.B. Taylor's separate estate for payment. *Holloway v. Holloway,* supra. After reviewing all the evidence, we hold that the evidence is factually sufficient to support the jury's finding.

Special Issue Nos. 2 and 3 read:

Do you find from a preponderance of the evidence that any of the $1300.00 note secured by the property in question was paid out of J.B. Taylor's separate property?

Answer "We do" or "We do not".

ANSWER: We do.

If your answer to Special Issue No. 2 is "We do", how much of the $1300.00 note do you find from a preponderance of the evidence was paid out of J.B. Taylor's separate property?

Answer in dollars and cents, if any.

ANSWER: $1300.00

The release of the $1,300 note stated: "I further declare that the said J. Bernard Taylor has made and did make all of said payments on said note out of his own separate money in which no other had any interest." This is some evidence to support the jury's answers to Special Issues Nos. 2 and 3. After reviewing all the evidence, we hold that the evidence is factually sufficient to support these findings.

Plaintiff also complains that the trial court erred in submitting the following instructions to the jury:

An ancient document is defined as a document which has been in existence for twenty (20) years or more, comes from proper custody, and is not suspicious in appearance.

Recitals contained in ancient documents constitute prima facie evidence of the facts contained in the recitals.

An instrument reciting that consideration was paid out of the separate estate of the purchaser raises the presumption that the consideration was so paid. This, however, is a rebuttable presumption.

Plaintiff urges that these instructions constitute an improper comment on the weight of the evidence. We agree.

The Court in *Coward v. Gateway National Bank of Beaumont,* 525 S.W.2d 857, at 859 (Tex.1975), stated that the term "prima facie evidence" is used in two different senses:

[I]t is sometimes used "as equivalent to the notion of a presumption," i.e. it entitles the proponent to an instructed verdict on the issue in the absence of evidence to the contrary. The term is also used to mean that the proponent has produced sufficient evidence to go to the trier of fact on the issue.

1 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL sec. 55 (Texas Practice 3d ed. 1980). In either case, the court should not instruct the jury that certain evidence is prima facie evidence. *Sanders v. Davila,* 593 S.W.2d 127 (Tex. Civ.App.—Amarillo 1979, writ ref'd n.r.e.); *Armstrong v. West Texas Rig Company,* 339 S.W.2d 69 (Tex.Civ.App.—El Paso 1960, writ ref'd n.r.e.). The instruction was improper. *White v. McCullough,* 56 Tex.Civ.App. 383, 120 S.W. 1093 (1909, no writ); See generally Gibson, *The Function of Presumptions in Jury Charges,* 1 BAYLOR L.REV. 45 (1948); 3 R. McDONALD, TEXAS CIVIL PRACTICE IN DISTRICT AND COUNTY COURTS sec. 12.03.2–B (rev. 1983). Furthermore, recitals in ancient documents are merely admissible as evidence of the facts recited therein. *Zobel v. Slim,* 576 S.W.2d 362 (Tex.1978).

The sole effect of a presumption is to fix the burden of producing evidence. *McGuire v. Brown,* 580 S.W.2d 425 (Tex. Civ.App.—Austin 1979, writ ref'd n.r.e.); *Sanders v. Davila,* supra. An instruction on a presumption is improper. *Armstrong v. West Texas Rig Company,* supra. Furthermore, as observed in *Hodge v. Ellis,* supra, in this type of situation neither a presumption that the property is separate nor a presumption that the property is community should be applied. *Holcemback v. Holcemback,* 580 S.W.2d 877 (Tex.Civ.App. —Eastland 1979, no writ).

The primary evidence as to the character of the property was the deed and the release. Each instrument qualified under the court's charge as an ancient document. The recitals in the instruments constituted the significant evidence to support Special

Issues Nos. 1, 2, and 3. The trial court's instructions unduly emphasized the importance of the recitals in the instruments. The improper comment by the court on the evidence was calculated to cause and probably did cause the rendition of an improper judgment.

The judgment of the trial court is reversed, and the cause is remanded to the trial court.

### ON DEFENDANTS' MOTIONS FOR REHEARING

■ Kenneth Glover and Aleta Glover Brooks, children of Willie Mae Glover Taylor, were also plaintiffs in the trial court. Only Clayton H. Glover appealed. The defendants urge that the trial court's judgment should be affirmed as to the non-appealing parties. We disagree. The rights of the children of Willie Mae Glover Taylor are so interwoven that the judgment should be reversed and remanded as to all parties, both the appealing party and the non-appealing parties. *Kansas University Endowment Association v. King,* 162 Tex. 599, 350 S.W.2d 11 (Tex.1961); *Forister v. Coleman,* 418 S.W.2d 550 (Tex.Civ.App.—Austin 1967), *writ ref'd n.r.e.,* 431 S.W.2d 2 (Tex.1968).

Defendants' motions for rehearing are overruled.