670 S.W.2d 382 (1984)
Barbara THRAILKILL, Appellant,
v.
MONTGOMERY WARD AND CO., INC. et al., Appellees.
No. 01-83-302-CV.
Court of Appeals of Texas, Houston (1st Dist.).
April 5, 1984.
Rehearing Denied May 10, 1984.
*383 George Payne, Tom R. Letbetter, Garrett, Letbetter & Payne, Houston, for appellant.
William J. Dyer, Baker & Botts, James Barker, Talbert, Giessel, Stone, Barker & Lyman, Houston, for appellees.
Before COHEN, WARREN and BASS, JJ.

OPINION
COHEN, Justice.
The appellant was a customer in a Montgomery Ward store who was injured when an elevator door closed upon her. She sued Montgomery Ward and Company and Montgomery Elevator Company, an unrelated entity, alleging negligence in failing to properly maintain the elevator. A jury found that each defendant was 50% negligent in causing the appellant's injuries and found damages of $8,468.50 for past medical expenses and, in addition, $15,000.00 in general damages.
The appellant executed a Mary Carter agreement with Montgomery Elevator *384 Company prior to trial in exchange for $7,500.00.
The first two points of error argue that the court erred in excluding, as speculative, expert testimony from the appellant's treating physician, Dr. Richard Moiel, regarding the likelihood for future surgery. Most of the doctor's videotape deposition was admitted before the jury; however, the court sustained the appellee's objection that the excluded evidence was speculative because surgery was not shown, by reasonable medical probability, to be necessary in the future. The appellant contends that the testimony, when taken in context and considered as a whole, indicated a reasonable probability of future surgery, and, in addition, was admissible to show her present physical condition and to prove damages for future pain and suffering and loss of future earning capacity.
The accident occurred on October 13, 1980, and the appellant underwent a cervical laminectomy in November, 1980, performed by Dr. Moiel. The trial occurred in January, 1983, and Dr. Moiel's deposition was given approximately thirteen months before. He testified that, in reasonable medical probability, the surgery performed on the appellant in November, 1980, was necessitated by the elevator accident at Ward's, and that the surgery was an attempt to treat cervical nerve root pressure from which the appellant was suffering. In 1981 and 1982, the appellant underwent physical therapy in response to continuing complaints of pain, numbness in her fingers, and inability to extend her arm and shoulder normally.
Dr. Moiel testified by deposition before the jury that the appellant probably would have some future pain caused by the accident. His testimony was excluded that there was a "strong possibility" of future surgery due to appellant's persistent and continuing complaints of pain, and that "if we're true in what we believe is wrong with her, that it would probably lead to a (surgical) fusion of her neck." The prerequisite to future surgery, Dr. Moiel testified, was the appellant's continued pain, and the appellant testified at trial that she was still in pain.
We observe that, "as pointed out in Otis Elevator Co. v. Wood, 436 S.W.2d 324, the rule of `reasonable medical probability' relates to the showing that must be made to support an ultimate finding of fact and not to the standard by which the medical expert must testify.... If the witness were permitted to state his opinion only in terms of medical probabilities, moreover, the court and jury would have no opportunity to decide the case on the basis of the substance rather than the form of his testimony." Lenger v. Physicians General Hospital, Inc., 455 S.W.2d 703, 707 (Tex.1970). In Lenger it was held error to exclude the doctor's testimony about "possible" causes of the injury, even though the doctor admitted he did not "know" which of the possible causes did, in fact, cause the injury.
We note that Dr. Moiel's excluded testimony was not offered to support an "ultimate finding of fact", because in the instant case, there were no special issues regarding whether future surgery would be performed, nor were there issues on future medical expenses. Dr. Moiel had already testified that future pain and future surgery, if necessary, to relieve the appellant's condition would, "in reasonable medical probability", be attributable to the elevator accident. Thus, the cause of the appellant's future pain and future surgery, if any, was proved in reasonable medical probability. Only the evidence concerning the probability of future surgery to alleviate the pain is at issue in this appeal.
It has been frequently held that, "Reasonable probability ... is determinable by consideration of the substance of the testimony of the expert witness and does not turn on semantics or on the use by the witness of any particular term or phrase." Insurance Company of North America v. Myers, 411 S.W.2d 710, 713 (Tex.1966).
Two recent decisions have affirmed judgments awarding future medical expenses based on expert medical testimony very similar to that in the case at bar, and in *385 both cases the court rejected contentions that the evidence was both wrongly admitted and insufficient to support a damage award because it was speculative. In Keller Industries, Inc. v. Reeves, 656 S.W.2d 221, 227 (Tex.App.Austin 1983, writ ref'd n.r.e.), the doctor testified that if a good result came from the surgery already performed on the right wrist, and if the plaintiff had continued difficulty with the left wrist, the next step would be to perform similar surgery on the left wrist. If there was not a good result on the operated wrist, then a more significant surgical procedure, fusion, was "probably suggested" for both wrists. The court held that, "the clear import of this testimony is that there is a reasonable probability that O.O. Reeves will require future surgical procedures...". In Keller, supra, only the sufficiency of the evidence, not its admissibility, was challenged. The result is significant, however, because it indicates that evidence similar to that in the instant case constitutes a reasonable probability of future surgery.
In Hughett v. Dwyre, 624 S.W.2d 401 (Tex.App.Amarillo 1981, writ ref'd n.r.e.), the court affirmed the plaintiff's judgment and rejected contentions that the doctor's testimony regarding future consequences of the injury was inadmissible because it was speculative. The doctor testified that surgery might be required to determine the unknown cause of the plaintiff's back pain. He proposed to hospitalize the plaintiff for one to two weeks for therapy and thorough examination, and stated that, if the plaintiff did not improve during that period, surgery would probably be necessary. On cross-examination, the doctor stated that he could not say "in reasonable medical probability" that the plaintiff would "have to have surgery". The court held:
Texas follows the "reasonable probability" rule for future damages for personal injuries (all citations omitted) Adhering to the "reasonable probability" rule, the Texas courts have also consistently held that the award of future medical expenses is a matter primarily for the jury to determine. No precise evidence is required. The jury may make its award based upon the nature of the injuries, the medical care rendered before the trial, and the condition of the injured party at the time of trial....
The pragmatic effect of Edens-Birch [Lumber v. Wood, 139 S.W.2d 881 (Tex. Civ.App.Beaumont 1940, writ dism'd judgment correct] and its progeny is that to sustain a finding on future medical expenses, the plaintiff is not required to establish the future medical consequences of his injury by expert medical testimony grounded on "reasonable medical probability". (emphasis supplied)
The appellee in Hughett v. Dwyre, supra, relied on Fisher v. Coastal Transport Co., 149 Tex. 224, 230 S.W.2d 522 (1950), as does the appellee herein. Fisher held that it was error to submit special issues permitting recovery for future suffering which the plaintiff "may" undergo, because "may" indicates a mere possibility, whereas "reasonable probability" is required. Four justices dissented vigorously, arguing that the defendant was adequately protected by the usual jury instruction to award damages only for future suffering which was proved by a preponderance of the evidence. The dissent quoted Dean Charles McCormick's treatise on damages:
"The chief reliance for reaching reasonable results in attempting to value suffering in terms of money must be the restraint and common sense of the jury and not the detailed verbal accuracy of the instructions." 230 S.W.2d at 525.
As other courts have said when faced with the same issue, "We realize that this is a close point and we have given it serious consideration ...", McElroy v. Luster, 254 S.W.2d 893, 897 (Tex.Civ.App.Ft. Worth 1953, writ ref'd), and "[t]his case is a close one ...". Fisher v. Coastal Transport, supra, 230 S.W.2d at 525 (Garwood, J., dissenting).
Our review of the cases from Fisher v. Coastal Transport Co. forward convinces us that the dissenters have won the argument *386 and that the law has developed similarly to what they advocated. Insurance Company of North America v. Myers, supra, gives a medical expert witness freedom to state his conclusions without using the magic words "reasonable medical probability." Otis Elevator v. Wood, supra, establishes the propriety of admitting medical testimony about what "could have" caused an injury, without ever showing what, in reasonable medical probability, did cause it, a jury instruction to disregard being sufficient to cure any harm. Lenger v. Physicians General Hospital, Inc., supra, shows that it is error to exclude testimony of what could have caused an injury, even though the doctor admittedly does not know the cause. Keller Industries, Inc. v. Reeves, supra, and Hughett v. Dwyer, supra, both approved by the Supreme Court, held that medical evidence indistinguishable from that in the instant case constituted "reasonable probability". Hughett expressly recognized the jury's broad role in determining future damages. The trend favors admissibility of evidence like that excluded in the instant case, apparently relying on other remedies, such as curative jury instructions, remittitur, and reversal and rendition to cure any harm. See Otis Elevator v. Wood, supra, at 332.
We hold that the testimony of Dr. Moiel was admissible because it explained the plaintiff's present and future medical condition, and that the excluded testimony concerning the prospects for future surgery, when taken in context and considered as a whole, amounted to a reasonable probability. Points of error one and two are sustained. We overrule the appellee's conditional cross-point number one for the same reasons.
In her third point of error, the appellant contends that the court erred in sustaining hearsay objections to her testimony concerning her conversation with Dr. Moiel regarding the need for future surgery. The appellant testified, outside the jury's presence, that she discussed the future surgery with Dr. Moiel, and he told her that she eventually would have to have surgery but that it could wait until she could no longer stand the pain. She stated that Dr. Moiel told her that surgery was the only thing that might help her, although he could not guarantee a successful result.
The appellant offered the testimony as an exception to the hearsay rule, claiming that she was not offering the statements for the truth of the matters asserted, but in order to show her state of mind, which was relevant to her claim of mental anguish. The court sustained the hearsay objections.
The evidence was not hearsay because it was not offered to prove the truth of the matter asserted. See Texas Rule of Evidence 801(d). "Communications made or received by a person will often be relevant, not as evidence that the facts are as stated in the communication, but instead as tending to show the knowledge or belief of the person who communicated or received the statement." Burleson v. Finley, 581 S.W.2d 304 (Tex.Civ.App.Austin 1979, writ ref'd n.r.e.). The testimony was erroneously excluded and, consequently, we sustain point of error number three.
In her fourth point of error, the appellant complains that the court erred in excluding testimony from Ira Eubank, a department manager in the store, that, prior to the injury in this case, he had heard from fellow employees that another person had been caught between floors when the elevator stopped and its doors opened and closed. Eubank obtained his information from fellow employees at their coffee bar, and, although he was the manager of the department located closest to the elevator, he did not report the incident to anyone.
Mr. Eubank did testify before the jury, however, that prior to the appellant's accident he had received reports of problems with the way the elevator doors opened and closed, namely, that they would shut and open repeatedly before finally stopping in the correct position, and that this had happened and had been reported to him on a number of occasions. He admitted that he generally did nothing upon receiving such *387 reports, although on occasion he would report it to his operating manager. He testified that, prior to the accident in question, he personally used the elevator five or six times a day, and it would typically malfunction in this manner one time per day.
There is little difference between the excluded testimony by Mr. Eubank and that which the jury heard. In addition, two other employees of the appellee testified to similar instances regarding the opening and closing of the elevator doors. One was the security manager, and the other testified that he reported the incident to Mr. Eubank. Under these circumstances, we believe the exclusion of the above testimony, if error, was harmless. Tex.Rule Civ. Pro. 434. Although we need not decide whether the exclusion of this testimony by Mr. Eubank was error, in the event of retrial we direct the district court's attention to Missouri-Kansas-Texas Railroad Co. v. May, 600 S.W.2d 755 (Tex.1980) and Rush v. Bucyrus-Erie Co., 646 S.W.2d 298 (Tex.App.Tyler 1983, writ ref'd n.r.e.). Point of error four is overruled.
In point of error five, the appellant asserts that the jury's damage award was so inadequate as to be against the great weight and preponderance of the evidence and requests a new trial, pursuant to Tex. Rule Civ.P. 328. The jury found $8,468.50 in reasonable medical expenses, exactly the amount requested by the appellant, and $15,000.00 additional damages for physical pain and mental anguish in the past and future, loss of earning capacity in the past and future, and physical impairment in the past and future. The verdict form required the jury to return one figure for all the elements of damages, rather than to fill in a particular number of dollars for each element.
The amount of a damage award depends on many intangible factors. While there was some evidence that the appellant was unable to accept a job which paid $800.00 a month after her injury, there was also evidence that she was able to work, and there was considerable evidence of a serious pre-existing arthritic condition in her neck, traceable to a 1969 whiplash injury sustained in an auto accident.
We have been directed to no case reversing a damage award for inadequacy where the award exceeded $23,000.00, as it did in the instant case. The appellee correctly argues that all the cases cited by the appellant as examples of inadequate awards were less than a tenth of that awarded to the appellant. Point of error five is overruled.
In its second conditional cross-point, appellee contends that the trial court erred in admitting testimony concerning the existence of a post-accident investigation report. Linda Haskins Carrol, Ward's security and safety manager, denied making any such report on the night of the accident in question. The testimony of the appellant and another Ward's employee indicated that such a report may have been made. However, the appellee was the first party to solicit any of this evidence in front of the jury. Therefore, he has waived the right to complain on appeal of its admission. Appellee's second conditional cross-point is overruled.
The judgment is reversed, and the cause is remanded for a new trial.