**Linda L. PYLE and Charles W. Pyle, Appellants,**

v.

**SOUTHERN PACIFIC TRANSPORTA-TION COMPANY, Appellee.**

No. 01–88–00227–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 1, 1989.

Rehearing Denied July 13, 1989.

Jimmy Williamson, Larry Funderburk, Houston, for appellants.

W.T. Womble, Joann Storey, Houston, for appellee.

Before WARREN, HUGHES and DUNN, JJ.

## OPINION

DUNN, Justice.

This is an appeal from a take-nothing judgment arising from an automobile and train collision. A jury found appellant, Linda L. Pyle, the driver of the automobile in the collision, negligent, and that her negligence proximately caused the accident. The jury failed to find that the railroad crossing in question was extra-hazardous.

Appellants bring eight points of error concerning the admissibility and exclusion of evidence, and the court's refusal to submit a negligence issue to the jury.

On February 2, 1983, appellant Linda Pyle was injured at the Stiles Road crossing by an oncoming train that ran into the appellant's car. Her car was stopped on the railroad tracks. The train involved in the collision was owned and operated by the appellee, Southern Pacific Railroad Company. The Stiles Road crossing was protected by a cross-back sign, a stop sign, and a sign located directly beneath the stop sign that stated "Do Not Stop On Tracks." The crossing did not have any gates or flashing lights at the time of the accident. The track runs parallel to U.S. Highway 90, and the intersection of U.S. Highway 90 and Stiles Road, which is controlled by a traffic signal, is approximately two car lengths from the railroad crossing.

In addition to the appellant's accident, between 1973 and 1983, there were at least six other auto-train collisions at the Stiles crossing that involved injuries and fatalities. In order to prove the extra-hazardous condition of the crossing, the appellants attempted to enter—these accident reports into evidence. Following objections by the appellee that the prior accidents were not reasonably similar, the court admitted one of the accident reports (the Tremont accident) and excluded the other five from evidence. Also, a City of Sugar Land resolution, which reflected the City's opinion that the crossing is very hazardous, was exclud-

ed. The jury did not find the crossing to be extra-hazardous.

Appellants contend that the trial court improperly excluded evidence that would have proved the Stiles Road crossing was extra-hazardous. They urge, in their first point of error, that the trial court erred in excluding from evidence five of the six previous auto-train collisions that occurred at the crossing, and that this error caused the rendition of an improper judgment.

Before evidence of prior accidents at the railroad crossing is admissible, a plaintiff is required to show that the earlier accidents occurred under reasonably similar, although not necessarily identical, circumstances. *Missouri Pac. R.R. Co. v. Cooper*, 563 S.W.2d 233 (Tex.1978). The appellants have the burden of proving that the railroad crossing is extra-hazardous. It is only on crossings that are found to be extra-hazardous that the railroad has a higher duty to use extraordinary means to warn travelers along the road. *Missouri Pac. R.R. Co. v. Cooper*, 563 S.W.2d at 235.

Following is a summary of the excluded accidents:

1) Jones accident, August 1983—It occurred during the early afternoon hours. The car was southbound, the train eastbound. There was a stop sign.

2) Raborn accident, March 1980—It occurred in the evening. The car was northbound, the train was eastbound. There was a stop sign.

3) Frohoff accident, May 1977—It occurred in the evening. There was no stop sign. The car was southbound, the train westbound.

4) Kahl accident, April 1973—It occurred in the morning hours. The car was southbound, the train was eastbound. There was no type of traffic control signal.

5) Garcia accident, April 1973—It occurred at noon. The car was traveling southbound when it stalled crossing the tracks. The driver saw the train and left the car. There was no type of traffic control signal.

The record reveals that an expert testified that the accidents were similar in that they involved cars broadsided by a train, where the car was knocked off the road and injuries to the occupants occurred. At the Stiles Road crossing, there was a traffic control signal about two car lengths beyond the railroad track and the location was a high traffic area.

Applying the standard that accidents do not have to be identical, but only reasonably similar, we find that all of the above accidents occurred under reasonably similar circumstances, and should not have been excluded by the court. There is no requirement that the conditions of the prior accident be identical, as the jury is perfectly capable of evaluating whatever minor variations may exist, along with the other elements of the case. *Klorer v. Block*, 717 S.W.2d 754 (Tex.App.—San Antonio 1986, no writ).

In making the determination as to whether or not the exclusion of the accident reports by the court constituted harmful error, we must examine the entire record. First, we observe that the appellant bears a heavy burden of proof to sustain an extra-hazardous finding. The establishment of such a finding does not rest on one or two occurrences. Many elements and circumstances must be considered in determining whether the crossing is extra-hazardous. In this case, there is much proffered evidence by way of accident reports to show the extra-hazardous nature of the Stiles Road crossing. *See Ford v. Nowak*, 638 S.W.2d 582 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.).

Additionally, the court refused to allow appellant's expert to testify as to the accidents which formed the basis of his opinion that the crossing was extra-hazardous. *Lewis v. Southmore Sav. Ass'n*, 480 S.W.2d 180 (Tex.1972). However, the court in *Lewis* allowed the expert to base his testimony not only on facts which he personally observed, but also, in part, upon the reports of others, not in evidence, if it was customary to rely on such reports in the practice of that profession.

The situation could have been compounded by the court's admission of only one prior accident report, the Tremont accident. The appellants' expert testified that the normal 10 year average was 2.6 accidents at a crossing. The jury heard that the expert based his opinion, that the crossing is extra-hazardous, on the accident history of the intersection. The jury, however, was prevented from hearing and learning the basis for his opinion. This could have led the jury to believe that the accident in this case, and the one prior accident admitted by the court, were below the 10 year average, and the crossing, therefore, was not extra-hazardous. An expression of an opinion, as to whether something is extra-hazardous, would certainly not carry the same weight as the knowledge that seven similar accidents had occurred at the crossing during a 10 year period in which 2.6 is the average.

We find that the exclusion of the accidents was harmful error because such exclusion was reasonably calculated to cause, and probably did cause the rendition of an improper judgment in this case. Tex.R. App.P. 81(b)(1).

Appellants' first point of error is sustained.

Appellants argue in points of error two and three that the trial court erred in admitting into evidence the report of the accident that is the subject of this appeal. The appellants contend that the report contained improper statements of the police officer that Mrs. Pyle disregarded the "Do Not Stop On Tracks" sign.

A police officer, by his position alone, is not qualified to render an expert opinion regarding an accident. *Hailes v. Gentry*, 520 S.W.2d 555 (Tex.Civ.App.—El Paso 1975, no writ). However, review of the record indicates that at least six witnesses, called by both sides, either stated that Mrs. Pyle appeared to be stopped over the tracks or, in fact, was stopped on the tracks.

The erroneous admission of testimony that is cumulative is ordinarily not reversibly harmful. *McInnes v. Yamaha*

*Motor Corp.,* 673 S.W.2d 185 (Tex.1984), *cert. denied,* 469 U.S. 1107, 105 S.Ct. 782, 83 L.Ed.2d 777 (1985).

Appellants' second and third points of error are overruled.

Appellants contend in points of error four through seven that the trial court erred in disallowing a portion of appellants' exhibit number 1F. Exhibit number 1F is a resolution of the City of Sugar Land, ratifying a contract with appellee regarding construction and signalization of Dairy Ashford Road at U.S. Highway 90–A. Within the resolution, the City of Sugar Land refers to the Stiles Road crossing as "a crossing which has proven very hazardous." This phrase was not allowed into evidence. Appellants urge that the phrase "a crossing which has proven very hazardous," was relevant in determining that Southern Pacific was on notice of the extra-hazardous condition of the crossing. Appellants' position is that the railroad was on notice of the hazardous crossing, and failed to take any action to correct it. They argue that the exclusion of this portion of the resolution was harmful error, because two of the ultimate issues they were required to prove were the extra-hazardous nature of the crossing and the appellee's notice of this condition.

In order to obtain reversal of a judgment based upon the erroneous exclusion of evidence, appellants must first show that the trial court's decision was in fact error, and second, that the error was calculated to cause, and probably did cause, the rendition of an improper judgment. *Hernandez v. Hernandez,* 611 S.W.2d 732 (Tex.Civ.App.—San Antonio 1981, no writ).

We find that this evidence is cumulative of other evidence in the record. The trial court allowed a second City of Sugar Land resolution into evidence. This resolution reflects that: (1) Stiles Road provides the only access to this area; (2) there is an unguarded at-grade crossing adjacent to this important intersection; and (3) Southern Pacific was requested to install flashing crossing lights and crossbars at the Stiles Road crossing. This second resolution was sent to Southern Pacific along with a cover letter, which was also admitted into evidence. The pertinent portions of the letter state that the Stiles crossing "seems to fall under your jurisdiction," and requests the appellee to take action "before some unnecessary tragedy occurs."

The exclusion of evidence is harmless if the evidence is merely cumulative of other evidence in the record. *Thrailkill v. Montgomery Ward & Co.,* 670 S.W.2d 382 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

Appellants' points of error four through seven are overruled.

In point of error eight, appellants complain that the trial court erred in refusing to submit appellants' requested jury issue concerning Southern Pacific's negligence in failing to provide a safe crossing. In view of our disposition in point of error one, we do not need to address this point of error.

We reverse and remand.

HUGHES, J., dissenting.

HUGHES, Justice, dissenting.

I respectfully dissent from the majority opinion.

Appellant urges, in his first point of error, that the court erred in excluding from evidence other auto-train collisions that occurred at the same location. Evidence of earlier accidents that occur under reasonably similar, but not necessarily identical, circumstances are admissible. *Missouri–Kansas–Texas R.R. Co. v. May,* 600 S.W.2d 755 (Tex.1980).

Assuming that any or all of the excluded accidents occurred under reasonably similar circumstances, I would find that evidence of the previous accidents was merely cumulative of other evidence in the record, and not harmful error. *Thrailkill v. Montgomery Ward & Co.,* 670 S.W.2d 382 (Tex. App.—Houston [1st Dist.], writ ref'd n.r.e.).

The cumulative evidence includes testimony from Dr. Dart, appellants' expert witness, several lay witnesses, and the Tremont accident report. Dr. Dart, an expert in the field of accident reconstruction, iden-

tified the following factors of the dangerous nature of the Stiles crossing: (1) the absence of gates at the crossing; (2) the close proximity of the crossing to Highway 90; (3) the amount of traffic on Highway 90; and (4) the hump in the crossing. Dr. Dart additionally testified that he performed an analysis to calculate the expected accident rate for the 10 year period for this location. In considering the history of this crossing, he determined that it did not come within the safety factor of an expected accident rate of 2.6 accidents in 10 years.

Mr. Spheeris, a witness called by the appellants, testified to particular problems at the crossing, including heavy traffic and the double stop sign. Ms. Plummer, another lay witness testified that this was a heavily travelled intersection, which was used by school busses. The jury also heard testimony concerning the Tremont accident. In the Tremont accident, Jennifer Tremont was killed when she was broadsided by a train at the Stiles Road crossing.

Therefore, the trial court's exclusion of the other accident reports did not cause such a denial of appellants' right that an improper verdict was caused thereby. Tex. R.App.P. 81(b)(1). I would affirm the judgment.