Affirmed and Majority and Concurring Opinions filed November 29, 2007








Affirmed and Majority and Concurring Opinions filed November 29,
2007.       

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00351-CR

____________

 

GERRARD EUGENE DIXON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 1061607

 



 

 C O N C U R R I N G   O P I N I O N








Under Texas Rule of Evidence 702, Officer Bray qualifies as
an expert in law enforcement,[1]
but his law-enforcement experience and training do not qualify him as an expert
in the field of family violence dynamics or the behavioral propensity of abuse
victims to return to their abusers post-assault.  For this reason, Officer Bray
should not have been permitted to testify regarding these matters.  Even though
the court finds no error, it nevertheless reaches the proper result in
overruling appellant=s second issue and in affirming the trial
court=s judgment. 
Therefore, I respectfully concur in this court=s judgment.

      Qualifications
of Experts in the Field of Family Violence Dynamics or the 

 Behavioral
Propensity of Abuse Victims to Return to Their Abusers Post-Assault

 To testify as an expert, a witness must possess
scientific, technical, or other specialized knowledge that will assist a
factfinder, and the witness must be qualified as an expert by knowledge, skill,
experience, training, or education.  Tex.
R. Evid. 702; Jensen v. State, 66 S.W.3d 528, 542 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d). An expert witness must qualify as an
expert in the relevant field by reason of his knowledge, skill, experience,
training, or education.  See Tex.
R. Evid. 702; Alvarado v. State, 912 S.W.2d 199, 215B16 (Tex. Crim.
App. 1995).  Under Rule 702, Officer Bray, through his experience in law
enforcement and training at the police academy, qualified as an expert in law
enforcement and law enforcement responses to family violence.  But the
testimony in dispute is not within this field.  Instead, the evidence in issue
is Officer Bray=s testimony regarding the behavioral
dynamics of victims of family violence, which is a subject beyond his field of
expertise as a police officer.  








An offering party must establish that an expert holds the
requisite knowledge, experience, skill, training, or education regarding a
specific issue, which, in turn, qualifies the expert to give an opinion on that
particular subject.  Broders v. Heise, 924 S.W.2d 148, 153 (Tex. 1996). 
Additionally, law enforcement officers are not qualified by position alone to
render some expert opinions.  See Pyle v.  S.  Pac. Transp. Co., 774
S.W.2d 693, 695 (Tex. App.CHouston [1st Dist.] 1989, pet. denied)
(holding that a trial court did not err in excluding expert testimony regarding
accident reconstruction from a police officer who held eight years of service,
received training at a police academy, and attended a seminar focusing on
accident reconstruction).  Often, the special knowledge that qualifies a
witness to give expert testimony is derived by combining experience, education,
or studies of technical works.  See Tex.
R. Evid. 702; Wyatt v. State, 23 S.W.3d 18, 27 (Tex. Crim. App.
2000).  In this case, Officer Bray had specialized knowledge in law enforcement
gleaned both from experience on the job and training at the police academy, and
insofar as he offered testimony as an expert regarding law enforcement
responses to family violence, the trial court correctly permitted him to
testify.  But Officer Bray=s police training and on-the-job
experience, whether considered alone or together, do not equate to training,
experience, education, or knowledge gained through special study, degrees, or
experience in the fields of sociology or psychology.  The record simply does
not show that Officer Bray is qualified to speak as an expert beyond his work
as a police officer responding to calls of family violence.  Though his
experience and training, as reflected in the record, are sufficient to qualify
him as an expert in law enforcement, the record contains no evidence of his
qualifications, if any, to testify as an expert in behavioral propensity of family
violence victims post-assault. 








Furthermore, the subject matter for which Officer Bray=s opinion was
offered is beyond Officer Bray=s field of expertise as a police officer. 
See Tex. R. Evid. 702; Alvarado,
912 S.W.2d at 215B16.  Testimony regarding the dynamics of
domestic violence  is subject matter reserved for an expert.  See Harris v.
State, 133 S.W.3d 760, 774 (Tex. App.CTexarkana 2004,
pet. ref=d)  (ASuch specialized
testimony [regarding a cycle of domestic violence] is the very essence of
expert testimony.@).  However, an expert=s qualifications
and expertise must go to the matter on which the expert proffers an opinion.  Penry
v. State, 903 S.W.2d 715, 762 (Tex. Crim. App. 1995) (providing that a
party proffering an expert witness must establish that the witness is qualified
on the specific matter in question).  Often, those who provide expert testimony
on subject matter involving the behavior of victims are psychologists,
psychotherapists, or others with specialized training in human behavioral
characteristics and conduct.  See Fielder v. State, 756 S.W.2d
309, 320B21 (Tex. Crim.
App. 1988) (holding that psychologist=s expert testimony
is admissible to explain the conduct of women who endure abusive
relationships), Harris, 133 S.W.3d at 774B75 (providing that
when an assistant district attorney, who was an expert on protective orders as
well as a former nurse, testified on the Acycle of domestic
violence,@ she was not a lay witness, but rather an expert
witness to the extent that her testimony explained why victims abandon
procedures for protective orders); see also Perez v. State, 113
S.W.3d 819, 832B35 (Tex. App.CAustin 2003, pet.
ref=d) (holding that
trial court did not abuse its discretion in concluding that psychologist was
qualified to give expert testimony regarding the behavioral characteristics of
sexually abused children); Hitt v. State, 53 S.W.3d 697, 707 (Tex. App.CAustin 2001, pet.
ref=d) (explaining
that a psychotherapist=s expert testimony regarding children=s behavioral
characteristics after sexual abuse is admissible).  Although the subject matter
involving behavioral propensity merits expert testimony, any such testimony
should come from a qualified expert.  Officer Bray, despite his extensive
experience and training in law enforcement, lacks the expert qualifications to
discuss this subject matter traditionally reserved for psychologists and
psychotherapists.

A trial court=s determination of
a witness=s qualifications will not be overturned absent an
abuse of discretion.  Morales v. State, 32 S.W.3d 862, 865 (Tex. Crim.
App. 2000).  The record contains no evidence to show Officer Bray had the
qualifications to testify on the particular subject matter of the behavioral
propensity of victims who return to abusers post-attack. Therefore, the trial
court abused its discretion in permitting Officer Bray to testify as an expert
regarding victims= behavioral propensities post-attack.  See
Perez v. State, 25 S.W.3d 830, 838 (Tex. App.CHouston [1st
Dist.] 2000, no pet.) (holding that trial court abused its discretion in
admitting expert testimony when expert was not qualified in that specific
field).  The error, however, is not reversible. 








Harm Analysis

A violation of evidentiary rules that results in the
erroneous admission of evidence is non-constitutional error under Texas Rule of
Appellate Procedures 44.2(a).  Tex. R.
App. P. 44.2(a); Johnson v. State, 967 S.W.2d 410, 417 (Tex.
Crim. App. 1998).  A reviewing court should disregard any non-constitutional
error that does not affect substantial rights. Tex. R. App. P. 44.2(b); Johnson v. State, 43 S.W.3d
1, 4 (Tex. Crim. App. 2001); Johnson, 967 S.W.2d at 417 (explaining that
where error did not influence the jury, appellant=s substantial
rights are not affected).  Criminal convictions are not to be overturned for
non-constitutional error if the reviewing court, upon examining the record as a
whole, has fair assurance that the error did not influence the jury, or had but
a slight effect.  Johnson, 967 S.W.2d at 417.  Considering the record as
a whole, it may be said with fair assurance that Officer Bray=s testimony did
not influence the jury or had but slight effect on the jury=s punishment
verdict.  Tex. R. App. P.
44.2(b); see Johnson, 967 S.W.2d at 417.  Thus, under the
non-constitutional harm analysis, the trial court=s error in
admitting Officer Bray=s testimony regarding the behavioral
propensity of family violence victims was harmless.  See Tex. R. App. P. 44.2(b); Bonner v.
State, No. 14-96-01542-CR, 1999 WL 212163, at *2 (Tex. App.CHouston [14th
Dist.] Apr. 8, 2006, no pet. h.) (concluding that any error in admitting
unqualified expert testimony of a police officer was harmless) (not designated
for publication).  Because the error provides no basis for reversal on this
issue, this court reaches the correct result in overruling appellant=s second issue,
and affirming the trial court=s judgment.      

 

/s/      Kem Thompson Frost

Justice

 

Judgment
rendered and Majority and Concurring Opinions filed November 29, 2007.

Panel
consists of Justices Anderson, Fowler, and Frost (Anderson, J., majority).

Publish
C Tex. R. App. P. 47.2(b).









[1]  See Tex. R.  Evid. 702.