Opinion issued July 8, 2021



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-19-00832-CV

————————————

## WILLIAM M. DUNN, Appellant

## V.

## JESUS LARA HERNANDEZ, ENRIQUE CABALLERO III, AND YESSENIA C. CABALLERO, Appellees

On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Case No. 1136391

## MEMORANDUM OPINION

Appellant, William M. Dunn, appearing pro se, challenges the county court's judgment, rendered after a bench trial, in favor of Dunn in his suit for negligence against appellees, Jesus Lara Hernandez, Enrique Caballero III ("Enrique"), and Yessenia C. Caballero ("Yessenia"). In four issues, Dunn contends that the evidence

is legally and factually insufficient to support the county court's damages award and the county court erred in excluding certain evidence and dismissing Dunn's claims against Enrique and Yessenia (collectively, the "Caballeros").

We affirm.

## Background

Dunn filed, in Harris County justice court, his petition, alleging that he had recently completed a "new custom fence." Hernandez, while performing tree cutting services for Dunn's neighbors, the Caballeros, damaged Dunn's fence when he removed "several large[,] tall mature pine trees" from the Caballeros' backyard. According to Dunn, Hernandez negligently dropped a "large cut tree trunk directly onto the new custom fence," which caused extensive damage to the fence and its supporting structure. Dunn brought a negligence claim against Hernandez, seeking $9,909 in damages to repair and replace his fence.[1] Dunn did not bring any claims against the Caballeros.

Hernandez answered, generally denying the allegations in Dunn's petition and asserting the defense of contributory negligence.

After a bench trial, the justice court entered a judgment in favor of Dunn on his negligence claim against Hernandez. The justice court awarded Dunn $500 in

---

[1] According to Dunn, he obtained four estimates for the cost of repairing and replacing his fence and $9,909 represented the average cost from those four estimates.

damages and court costs. Dunn appealed the judgment of the justice court to the county court for a trial de novo.[2]

In county court, Dunn filed an amended petition, continuing to allege that he had recently completed a "new custom fence." Hernandez, while performing tree cutting services for the Caballeros, damaged Dunn's fence when he removed "several large[,] tall mature pine trees" from the Caballeros' backyard. Hernandez negligently dropped a "large cut tree trunk directly onto the new custom fence," which caused extensive damage to the fence and its supporting structure. Dunn still asserted his negligence claim against Hernandez, but he also sought to "add" the Caballeros to his suit and bring negligence claims against them. Dunn requested $9,909 in damages to repair and replace his fence.

At trial, the county court initially addressed Dunn's negligence claims against the Caballeros. The court explained that although Dunn had attempted to add the Caballeros as defendants to the case in county court and allege negligence claims against them, Dunn had not brought any claims against the Caballeros in justice court, and he could not add the Caballeros as defendants in his appeal to the county court. The county court thus dismissed Dunn's negligence claims against the Caballeros.

---

[2]     *See* TEX. R. CIV. P. 506.1, 506.3.

As to his negligence claim against Hernandez, Dunn testified that he built a fence in his backyard. The Caballeros are Dunn's "backyard neighbors"—meaning that Dunn's backyard sits on one side of his fence and the Caballeros' backyard sits on the other side. The original fence had holes in it, and Dunn wanted to repair the fence because he had dogs.

Dunn spent nearly a year building his fence. He testified that he used the "best wood" that he could find to build the fence. He used stainless-steel fasteners and stainless-steel screws instead of nails, and he used angle brackets "where the post would come together with the rails." He sealed the wood "with four coats of [a] top quality stain."

At some point after Dunn had completed his fence, the Caballeros hired Hernandez to "cut several of the tall mature pine trees in [their] backyard." While Hernandez was cutting the trees, he "dropp[ed] the logs from way up high . . . and they . . . hit[] the ground real hard." One of the logs was dropped on the center of Dunn's fence. Dunn believed that the log that was dropped was eight to ten feet long. The log damaged Dunn's fence.

According to Dunn, the dropped log damaged the structure of his fence and the fence was "stressed all the way from one end to the other." Dunn stated that the entire fence needed to be replaced. But he also testified that forty percent of the fence was irreparable, and he should be awarded $4,000 in damages. Finally, Dunn

4

testified that Hernandez only broke two pickets of the fence when he dropped the log, and the pickets only cost "a few dollars" plus "four coats of . . . extensive stain" and the stainless-steel fasteners that Dunn had used.

The county court admitted into evidence Plaintiff's Exhibit 1, which contained four estimates for a replacement fence to Dunn's specifications. The first estimate from Aber Fence and Supply Company to "[r]eplace 60'L x 6'6H cedar fencing" is $9,986. The second estimate from Fencemaster Houston for a "custom fence project" is $9,850. (Internal quotations omitted.) The third estimate from Montgomery Fencing & Exteriors, LLC for a "[n]ew [f]ence [i]nstallation" is $10,000. And the fourth estimate from Texas Farm & Ranch Services for the "longest lasting fence possible" is $9,800.

The county court also admitted into evidence Plaintiff's Exhibit 2, which, among other things, contains photographs of Dunn's fence after the log had fallen on it and shows the fence's two broken pickets.

Finally, the county court admitted into evidence Defendant's Exhibits 1–3, which contain photographs of the damage to the two pickets of Dunn's fence.

The county court rendered judgment in favor of Dunn, ordering Hernandez to pay Dunn $250 in damages, post-judgment interest, and court costs. Dunn requested findings of fact and conclusions of law.

5

The county court entered the following findings of fact and conclusions of law:

1.  On September 23, 2019, this court held a trial with all parties present.

2.  The Court determined that [Dunn] incorrectly and wrongfully included two additional persons as defendants as part of [his] appeal. These persons, [the Caballeros], were not parties or defendants in the original justice court.

3.  The court determined that [the Caballeros] were not proper parties and dismissed them from th[e] appeal.

4.  The Court heard testimony from [Dunn] and [Hernandez] and reviewed exhibits submitted by [Dunn] for the first time and which were not part of the record from the justice court.

5.  [Dunn] sought recovery for damages to his entire fence in the amount of NINE THOUSAND NINE HUNDRED NINE DOLLARS ($9,909.00).

6.  [Hernandez] submitted evidence that less than four (4) feet of the approximately sixty (60) foot fence was damaged by a tree limb that was cut by [Hernandez]. [Hernandez's] and [Dunn's] picture exhibits both showed the same damage.

7.  The Court determined that [Dunn] was not entitled to recover NINE THOUSAND NINE HUNDRED NINE DOLLARS ($9,909.00) in damages for the construction and replacement of a brand-new sixty (60) foot fence. Instead, the Court determined that TWO HUNDRED FIFTY DOLLARS ($250.00) was the reasonable cost to repair only the damaged portion of the fence.

8.  Accordingly, the Court rendered judgment against [Hernandez] in the amount of TWO HUNDRED FIFTY DOLLARS ($250.00) plus court costs – payable to [Dunn].

6

**Dismissal**

In his first issue, Dunn argues that the county court erred in dismissing his negligence claims against the Caballeros because Dunn "added" the Caballeros as defendants in his amended petition filed in county court and his claims against the Caballeros should have been severed, not dismissed.

In his petition filed in justice court, Dunn named Hernandez as the sole defendant. Dunn brought a negligence claim against Hernandez, alleging that Hernandez had negligently dropped a "large cut tree trunk directly onto [Dunn's] new custom fence," which caused extensive damage to the fence and its supporting structure. After a bench trial, the justice court entered a judgment in favor of Dunn on his negligence claim against Hernandez and awarded Dunn $500 in damages. Dunn then appealed the judgment of the justice court to the county court for a trial de novo.[3]

In county court, Dunn filed an amended petition. Dunn continued to assert his negligence claim against Hernandez, but he also sought to "add" the Caballeros as defendants to his suit and assert negligence claims against them.

At trial, the county court stated that Dunn was not allowed to add the Caballeros as defendants in his appeal to county court, and it dismissed Dunn's

---

[3] *See* TEX. R. CIV. P. 506.1, 506.3.

7

negligence claims against the Caballeros. When the county court stated that it was dismissing his claims against the Caballeros, Dunn responded, "Okay."

We do not consider unpreserved complaints on appeal. *See Fed. Deposit Ins. Corp. v. Lenk*, 361 S.W.3d 602, 604 (Tex. 2012); *see also Allright, Inc. v. Pearson*, 735 S.W.2d 240, 240 (Tex. 1987) ("A point of error not preserved, is not before the appellate court for review."). Generally, to preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion and the trial court either ruled on the party's request, objection, or motion, or refused to rule, and the party objected to that refusal. TEX. R. APP. P. 33.1(a). The complaint raised in the trial court must state the grounds for the ruling sought "with sufficient specificity to make the trial court aware of the complaint." TEX. R. APP. P. 33.1(a)(1)(A); *see also Patel v. Hussain*, 485 S.W.3d 153, 174 (Tex. App.—Houston [14th Dist.] 2016, no pet.). If a party fails to do this, error is not preserved, and the complaint is waived. *See Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991); *Harris v. Kareh*, No. 01-18-00775-CV, 2020 WL 4516878, at *10 (Tex. App.—Houston [1st Dist.] Aug. 6, 2020, pet. denied) (mem. op.); *see also Pirtle v. Gregory*, 629 S.W.2d 919, 920 (Tex. 1982) ("[O]ne should not be permitted to waive, consent to, or neglect to complain about an error at trial and then surprise his opponent on appeal by stating his complaint for the first time."). Without proper presentation of an alleged error to the trial court, a complaining party never gives

8

the trial court any opportunity to correct the error. *See Birnbaum v. Law Offices of G. David Westfall, P.C.*, 120 S.W.3d 470, 476 (Tex. App.—Dallas 2003, pet. denied); *Richard v. Towery*, No. 01-11-00132-CV, 2013 WL 1694861, at *18 (Tex. App.—Houston [1st Dist.] Apr. 18, 2013, no pet.) (mem. op.) ("The purpose of [r]ule 33.1's requirement that parties preserve error by raising their complaints in the trial court in a timely and specific manner is to promote judicial efficiency by allowing the trial court an opportunity to correct an error.").

On appeal, Dunn argues that the county court erred in dismissing his negligence claims against the Caballeros because the county court should have severed those claims.[4]  But Dunn did not assert in the county court that he was entitled to a severance, did not request a severance of his claims against the Caballeros, and did not object when the county court dismissed his claims. *See* TEX. R. APP. P. 33.1(a); *Finlan v. Dallas Indep. Sch. Dist.*, 90 S.W.3d 395, 413 (Tex. App.—Eastland 2002, pet. denied) (appellant did not preserve complaint trial court erred in failing to sever his claim; appellant not entitled to raise complaint trial court erred in failing to sever claim for first time on appeal); *see also Smalling v. Gardner*, 203 S.W.3d 354, 372 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (appellant did not preserve complaint trial court erred in entering dismissal order where record

---

[4]  We need not decide whether Dunn was entitled to severance of his claims against the Caballeros. *See* TEX. R. APP. P. 47.1.

9

did not show she brought her complaint to trial court's attention); *Macias v. Schwedler*, 135 S.W.3d 826, 831 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (appellant did not preserve complaint trial court erred in dismissing her claim, rather than abating her case). We hold that Dunn has not preserved for appellate review his complaint about the dismissal of his negligence claims against the Caballeros.[5]

## Damages

In his third and fourth issues, Dunn argues that the evidence is legally and factually insufficient to support the county court's damages award of $250 because Plaintiff's Exhibit 1 contained the "estimates from four good professional insured fence contractors" that the replacement cost for the fence would be, on average, $9,909, Plaintiff's Exhibit 2 contained photographs of the damage to the fence and "some other details too," Hernandez "submitted no estimates" or evidence of the "actual dollar valuation of damages,"[6] and the amount of damages awarded by the county court was not "within the range of evidence presented at trial."

---

[5] A pro se litigant must follow the same rules and laws as a litigant represented by a licensed attorney. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Cooper v. Circle Ten Council Boy Scouts of Am.*, 254 S.W.3d 689, 693 (Tex. App.—Dallas 2008, no pet.). Otherwise, a pro se litigant would have an unfair advantage over a litigant represented by a licensed attorney. *Mansfield*, 573 S.W.2d at 184–85; *Cooper*, 254 S.W.3d at 693.

[6] At points in his brief, Dunn also asserts that Hernandez presented evidence that the amount of Dunn's damages was $500.

In an appeal from a bench trial, we review legal- and factual-sufficiency issues under the same standards that are applied to review a jury's verdict. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). Where, as here, the trial court issued findings of fact and conclusions of law, the trial court's findings of fact have the same weight as a jury verdict. *Merry Homes, Inc. v. Luu*, 312 S.W.3d 938, 943 (Tex. App.—Houston [1st Dist.] 2010, no pet.). When a reporter's record has been filed, findings of fact are not conclusive and are binding only if they are supported by the evidence. *HTS Servs., Inc. v. Hallwood Realty Partners, L.P.*, 190 S.W.3d 108, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

An appellant who attacks the legal sufficiency of an adverse finding on an issue on which he had the burden of proof "must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). When we consider a legal-sufficiency challenge, we "must first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary." *Id.*; *see also City of Keller v. Wilson*, 168 S.W.3d 802, 807 (Tex. 2005) (appellate court must "view the evidence in the light most favorable to the verdict, crediting favorable evidence when reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not"). Only if there is no evidence to support the finding will we examine the entire record to determine if the contrary proposition is established as a

11

matter of law. *Dow Chem.*, 46 S.W.3d at 241. We must uphold the fact finder's verdict if more than a scintilla of evidence supports the judgment. *W & T Offshore, Inc. v. Fredieu*, 610 S.W.3d 884, 898 (Tex. 2020). We will sustain a challenge to the legal sufficiency of the evidence only if (1) there is a complete lack of evidence of a vital fact, (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) there is no more than a scintilla of evidence offered to prove a vital fact, or (4) the opposite of the vital fact is conclusively established. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 903 (Tex. 2004).

To successfully challenge the factual sufficiency of the evidence to support an adverse finding on an issue on which he bore the burden of proof at trial, the appellant must demonstrate that the finding is against the great weight and preponderance of the evidence. *Dow Chem.*, 46 S.W.3d at 242; *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986). We must consider and weigh all of the evidence and will set aside a verdict only if it is so contrary to the overwhelming weight of the evidence that it is clearly wrong and unjust. *Dow Chem.*, 46 S.W.3d at 242; *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

As the fact finder in a bench trial, the trial court's role is to evaluate the credibility of the witnesses and reconcile any inconsistencies or conflicts in the evidence. *Anderson v. Durant*, 550 S.W.3d 605, 616 (Tex. 2018); *Golden Eagle*

*Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). The trial court may believe or disregard all or any part of the testimony of any witness. *Anderson*, 550 S.W.3d at 616; *Golden Eagle Archery*, 116 S.W.3d at 774–75. We will not weigh the witnesses' credibility or substitute our judgment for that of the fact finder. *See Windrum v. Kareh*, 581 S.W.3d 761, 781 (Tex. 2019); *City of Keller*, 168 S.W.3d at 816–17.

The fact finder generally has discretion to award damages within the range of evidence presented at trial. *Gulf States Utils. Co. v. Low*, 79 S.W.3d 561, 566 (Tex. 2002). While a fact finder may not arbitrarily assess an amount not authorized or supported by evidence at trial by "pull[ing] figures out of a hat," we will not disregard the fact finder's determination of damages merely because its reasoning in reaching its figures may be unclear. *Enright v. Goodman Distribution, Inc.*, 330 S.W.3d 392, 403 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (internal quotations omitted).

As to damages, the county court made the following findings of fact:

5.      [Dunn] sought recovery for damages to his entire fence in the amount of NINE THOUSAND NINE HUNDRED NINE DOLLARS ($9,909.00).

6.      [Hernandez] submitted evidence that less than four (4) feet of the approximately sixty (60) foot fence was damaged by a tree limb that was cut by [Hernandez]. [Hernandez's] and [Dunn's] picture exhibits both showed the same damage.

13

7.      The Court determined that [Dunn] was not entitled to recover NINE THOUSAND NINE HUNDRED NINE DOLLARS ($9,909.00) in damages for the construction and replacement of a brand-new sixty (60) foot fence. Instead, the Court determined that TWO HUNDRED FIFTY DOLLARS ($250.00) was the reasonable cost to repair only the damaged portion of the fence.

At trial, Dunn testified that the Caballeros hired Hernandez to "cut several of the tall mature pine trees in [their] backyard." While Hernandez was cutting the trees, a log was dropped on the center of Dunn's fence, damaging it. Dunn stated that the structure of the fence had been damaged and that the fence was "stressed all the way from one end to the other."

The county court admitted into evidence Plaintiff's Exhibit 1, which contained four estimates for a replacement fence to Dunn's specifications. The estimates for the cost of a new fence ranged from $9,800 to $10,000.

Dunn also testified that he believed that forty percent of the fence was irreparable and that he should be awarded $4,000 in damages. Yet, he further testified that the log that Hernandez dropped broke only two pickets of the fence, which cost "a few dollars" plus "four coats of . . . extensive stain" and the stainless-steel fasteners that Dunn had used.

Dunn acknowledges on appeal that the county court had broad discretion to award damages within the range of evidence presented at trial. But he asserts that the evidence required the county court to award him damages between $500 and $9,909. Here, Dunn testified that it would only cost "a few dollars" to fix the two

14

pickets of the fence that were broken by the log. *See Gulf States*, 79 S.W.3d at 566 (property owner may testify about value of his personal property); *Yazdani-Beioky v. Tremont Tower Condo. Ass'n*, No. 01-10-00107-CV, 2011 WL 1434837, at *5 (Tex. App.—Houston [1st Dist.] Apr. 14, 2011, no pet.) (mem. op.) ("Generally, a property owner is qualified to testify to the value of her property even if she is not an expert and would not be qualified to testify to the value of other property."). The county court's damages award of $250 falls within the range of evidence presented at trial. *See Gulf States*, 79 S.W.3d at 566; *see also Macready v. Salter*, No. 02-11-00026-CV, 2011 WL 5515500, at *4 (Tex. App.—Fort Worth Nov. 11, 2011, no pet.) (mem. op.) ("Because the trial court was free to award [plaintiff] any amount of damages within the range presented[] . . . [and] its award was within the range presented at trial, . . . it did not abuse its discretion.").

Because more than a scintilla of evidence supports the county court's finding that the reasonable cost to repair the "only . . . damaged portion of the fence" was $250, we hold that the evidence is legally sufficient to support the county court's damages award. And because the county court's finding that the reasonable cost to repair the "only . . . damaged portion of the fence" was $250 was not contrary to the overwhelming weight of all the evidence, we hold that the evidence is factually sufficient to support the county court's damages award.

We overrule Dunn's third and fourth issues.

15

**Exclusion of Evidence**

In his second issue, Dunn argues that the county court erred in excluding from evidence Plaintiff's Exhibit 3, a typed three-page document, titled "Cause of Action – Details – Statement of Facts," because the exhibit contained Dunn's "critical oral statement that the fence couldn't be fixed and it would have to be rebuilt" and the exclusion of the exhibit resulted in the county court's award of inadequate damages to Dunn.

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *See Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007); *D & M Marine, Inc. v. Turner*, 409 S.W.3d 693, 699 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to guiding rules or principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002). We uphold a trial court's admission or exclusion of evidence unless (1) there was no legitimate basis for the court's ruling, and (2) the error probably caused the rendition of an improper judgment. *Owens-Corning Fiberglass Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998); *Tex. Dep't of Transp. v. Able*, 981 S.W.2d 765, 770–71 (Tex. App.—Houston [1st Dist.] 1998), *aff'd*, 35 S.W.3d 608 (Tex. 2000); *see also* TEX. R. APP. P. 44.1(a)(1); *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001).

Any error by the trial court in not admitting Plaintiff's Exhibit 3 from evidence is reversible only if Dunn can show that the error was harmful, meaning that it probably caused the rendition of an improper judgment. *Diamond Offshore Servs. Ltd. v. Williams*, 542 S.W.3d 539, 551–52 (Tex. 2018); *Interstate Northborough*, 66 S.W.3d at 220; *see* TEX. R. APP. P. 44.1(a)(1). In determining whether the erroneous admission of evidence was harmful, we review the entire record. *Interstate Northborough*, 66 S.W.3d at 220; *Sundance Energy, Inc. v. NRP Oil & Gas LLP*, No. 01-18-00340-CV, 2019 WL 3819523, at \*7 (Tex. App.—Houston [1st Dist.] Aug. 15, 2019, pet. denied) (mem. op.). "Typically, a successful challenge to a trial court's evidentiary ruling[] requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted." *Interstate Northborough*, 66 S.W.3d at 220; *see also In re N.F.*, No. 09-19-00435-CV, 2020 WL 2070286, at \*20 (Tex. App.—Beaumont Apr. 30, 2020, pet. denied) (mem. op.) ("Evidentiary rulings do not usually cause reversible error unless an appellant can demonstrate that the judgment turns on the particular evidence that was admitted or excluded."). A party cannot establish harm, i.e., that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment, if the substance of the excluded evidence was before the court through other evidence. *See Bartosh v. Gulf Health Care Ctr.-Galveston*, 178 S.W.3d 434, 439 (Tex. App.— Houston [14th Dist.] 2005, no pet.); *Able*, 981 S.W.2d at 770–71; *see also In re*

17

*R.H.W. III*, 542 S.W.3d 724, 740 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("When evidence identical or similar to the objected-to evidence is admitted elsewhere without objection, there is no harm."); *Pyle v. S. Pac. Transp. Co.*, 774 S.W.2d 693, 695 (Tex. App.—Houston [1st Dist.] 1989, writ denied).

Plaintiff's Exhibit 3 is a typed, unsigned, and unsworn three-page narrative statement, presumably written by Dunn, discussing the construction of Dunn's fence, the damage to the fence when Hernandez dropped "a very large cut tree trunk . . . onto the center area" of the fence, and the purported post-damage interactions between Dunn, Hernandez, and the Caballeros. When Dunn sought to admit Plaintiff's Exhibit 3 into evidence at trial, he described the exhibit as "[b]asically stating the facts."

We will presume for purposes of this opinion that the county court erred in excluding Plaintiff's Exhibit 3 from evidence. But Dunn's testimony at trial covered much of the content contained in Plaintiff's Exhibit 3. Plaintiff's Exhibits 1 and 2, which the county court admitted into evidence, also contained evidence similar to the content of Plaintiff's Exhibit 3. *See Able*, 981 S.W.2d at 770–71; *see also In re R.H.W. III*, 542 S.W.3d at 740 ("When evidence identical or similar to the objected-to evidence is admitted elsewhere without objection, there is no harm."); *Pyle*, 774 S.W.2d at 695. Dunn cannot establish that he was harmed by the exclusion of Plaintiff's Exhibit 3 from evidence without demonstrating that Plaintiff's Exhibit

3 is not cumulative of other evidence. *See Bartosh*, 178 S.W.3d at 439; *see also Nissan Motor Co. v. Armstrong*, 145 S.W.3d 131, 144 (Tex. 2004) (exclusion of cumulative evidence cannot constitute harmful error).

Further, to the extent that any portions of Plaintiff's Exhibit 3 are not cumulative of other evidence presented at trial, we cannot say that the county court's judgment turns on this particular evidence excluded by the county court. In his brief, Dunn asserts that the exclusion of Plaintiff's Exhibit 3 from evidence probably resulted in the county court's award of inadequate damages to him.

At trial, Dunn testified that he believed that his entire fence needed to be replaced, and Plaintiff's Exhibit 1 contained four estimates that Dunn had received for a replacement fence to Dunn's specifications. The estimates range from $9,800 to $10,000. But Dunn also testified that Hernandez only broke two pickets of the fence, which cost "a few dollars." And we have already held that the evidence is legally and factually sufficient to support the county court's damages award in this case.

Dunn has not established that the purported error by the county court in not admitting Plaintiff's Exhibit 3 into evidence was reasonably calculated to cause and probably did cause the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1). We hold that the county court did not commit reversible error in excluding Plaintiff's Exhibit 3 from evidence.

19

We overrule Dunn's second issue.

## Conclusion

We affirm the judgment of the county court.

Julie Countiss
Justice

Panel consists of Justices Countiss, Rivas-Molloy, and Guerra.